**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **4:17-CR-651-21** |
| | § | |
| **V.** | § | **10:14 A.M. TO 10:37 A.M.** |
| | § | |
| **CLAUDIA** | § | |
| **SORIANO-HERNANDEZ** | § | **OCTOBER 24, 2018** |

**HEARING ON RE-ARRAIGNMENT AND SENTENCING**
**BEFORE THE HONORABLE GRAY H. MILLER**
**Volume 1 of 1 Volume**

**APPEARANCES:**

**FOR THE UNITED STATES OF AMERICA:**
Attorney Adam Laurence Goldman
Attorney Zahra Fenelon
United States Department of Justice
1000 Louisiana Street
27th Floor
Houston, Texas 77002
(713) 567-9534

**FOR THE DEFENDANT, CLAUDIA SORIANO-HERNANDEZ:**
Attorney Patrick F. McCann
Attorney at Law
909 Texas Avenue, Suite 205
Houston, Texas 77002
(713) 223-3805

**ALSO IN ATTENDANCE:**
Defendant Claudia Soriano-Hernandez

Spanish Language Interpreter:
Mr. Ramon DeVillar
Houston Interpreting
515 Rusk
Houston, Texas  77002

Court Reporter:
Laura Wells, RPR, RMR, CRR, RDR
601 Rosenberg, Suite 615
Galveston, Texas 77550

Proceedings recorded by mechanical stenography.
Transcript produced by computer-assisted transcription.

**PROCEEDINGS**

THE COURT:  The Court calls criminal case 17-651-21, United States of America vs. Claudia Soriano-Hernandez.  Who is here for the government?

MR. GOLDMAN:  Good morning, Your Honor.  Adam Goldman and Zahra Fenelon for the United States.

THE COURT:  Good morning.

And for the defendant?

MR. McCANN:  Patrick McCann for the defendant, Your Honor.

THE COURT:  Good morning.

All right.  And the defendant is present and has an interpreter who is interpreting the proceedings for her this morning.

Ms. Claudia Soriano-Hernandez, it's my understanding that you wish to enter a plea of guilty to Count Thirty-Two of the indictment that is pending against you; is that correct?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Before I can accept a guilty plea from you, I have to ask you certain questions that you must answer under oath.  I need to be sure that your plea of guilty is voluntary, entered into freely and without any coercion.  I need to be sure that your plea is informed, entered with a clear understanding of the

consequences of pleading guilty, and with an understanding of all of the legal rights that you give up when you plead guilty. I also need to be sure that there is a basis in fact for your plea.

So to the extent that you can, would you please raise your right hand and be placed under oath.

THE DEFENDANT: (Complying.)

CASE MANAGER: Do you solemnly swear that the testimony you will give in the case now before the Court will be the truth, the whole truth, and nothing but the truth so helped you God?

THE DEFENDANT: Yes.

THE COURT: All right. Do you understand that you have now been placed under oath and that if you answer any of my questions falsely, your answers could later be used against you in another prosecution for perjury, that is for making a false statement under oath?

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Tell me your full name, please.

THE DEFENDANT: Claudia Soriano-Hernandez.

THE COURT: How old are you?

THE DEFENDANT: 27.

THE COURT: How far in school did you go?

*Laura Wells, RPR, RMR, CRR, RDR*

THE DEFENDANT:  To 11th.

THE COURT:  11th.  Where was that?

THE DEFENDANT:  Here in the United States.

THE COURT:  In the U.S.  Okay.  Are you able to read and write the English language?

THE DEFENDANT:  No.

THE COURT:  The Spanish language?

THE DEFENDANT:  Yes.

THE COURT:  And has everything in this case been explained to you in Spanish?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Have you ever been treated for mental illness or psychological problems of any kind?

THE DEFENDANT:  No.

THE COURT:  Are you addicted to any drugs?

THE DEFENDANT:  No.

THE COURT:  Are you sick today in any way that would prevent you from understanding what is happening here?

THE DEFENDANT:  No.

THE COURT:  All right.  Have you had any -- taken any medication in the last few days or today?

THE DEFENDANT:  No.

THE COURT:  Have you had any illegal drugs or

alcohol in the last few days or today?

THE DEFENDANT:  No.

THE COURT:  Are you presently under the influence of any drug or alcohol?

THE DEFENDANT:  No.

THE COURT:  Have you had enough time to talk to your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with Mr. McCann as your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Do you need to ask him any questions or get any advice from him before we go on?

THE DEFENDANT:  No.

THE COURT:  During the course of the hearing if at any point you need to ask him a question, you can do that.

Do you understand that?

THE DEFENDANT:  Okay.

THE COURT:  Mr. McCann, have you had enough time to investigate the law and facts of your client's case?

MR. McCANN:  Yes, Your Honor.

THE COURT:  Are you satisfied that your client understands the charge against her in Count Thirty-Two and the range of punishment she faces?

MR. McCANN:  I am, Your Honor.

THE COURT:  Has she been able to fully cooperate with you?

MR. McCANN:  Yes.

THE COURT:  In your opinion, is she mentally competent to enter a plea of guilty?

MR. McCANN:  Yes, Your Honor, she is.

THE COURT:  The Court finds she knowingly, voluntarily, intelligently, and with the advice of her attorney seeks to enter a plea of guilty.

Now, before I can accept a plea of guilty from you, I need to make sure that you understand all of the legal rights that you are giving up when you plead guilty.

First of all, you have the right to plead not guilty; and if you plead not guilty, then you would be entitled to have a trial on these charges.

Do you understand your right to a trial?

THE DEFENDANT:  Yes.

THE COURT:  If you had a trial, you would be tried by a jury of 12 citizens from this district or by the judge without a jury if everyone agreed.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  You are entitled to be represented by an attorney and, in this case, Mr. McCann has been

appointed to represent you and he is representing you without any charge to you. If we had a trial, he would be here and he would represent you all through the trial, also without any charge to you.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, at this trial it would be the burden of the government to prove your guilt beyond a reasonable doubt on this charge, and you would have no burden to prove that you were innocent because under our system of justice you are presumed to be innocent.

Do you understand the presumption of innocence?

THE DEFENDANT: Yes.

THE COURT: Now, in order to prove your guilt beyond a reasonable doubt, the government would call witnesses; and they would appear and testify here in open court under oath. You and Mr. McCann would see and hear all of these witnesses. And then, he would be allowed to ask them questions on your behalf.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, you would have no obligation to present any evidence or to call any witnesses. However, you would have the right to do so and that would include the right to subpoena witnesses; that is, to require them

to come into court and testify on your behalf.

Do you understand that right?

THE DEFENDANT:  Yes.

THE COURT:  During this trial you would also have the right to remain silent because no one can compel you to be a witness against yourself.  And if you chose to exercise your right to remain silent, it could not be held against you.

In fact, you would have the right to have the jury instructed that they could not use your silence as any evidence of your guilt in this case.

Do you understand the right to remain silent?

THE DEFENDANT:  Yes.

THE COURT:  Now, the fact that you chose to present evidence of any kind at trial would never change the burden of proof.  That burden would remain on the government until the very end of the case.

And at this trial you could not be convicted unless every member of the jury found that you were guilty beyond a reasonable doubt.  In other words, the verdict would have to be unanimous by all 12 members of the jury.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Now, if you plead guilty today and I accept your plea, then your guilt will be established, and

you will not have a trial.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Also, by pleading guilty, you are giving up the right to have the facts that are pleaded in the indictment or that affect your sentence proven to a jury or proven beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Are you a citizen of the United States of America?

THE DEFENDANT:  No.

THE COURT:  Are you a citizen of Honduras?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Since you are not a citizen of the United States, you should understand that a felony conviction may lead to your deportation or exclusion from this country or a denial of naturalization under federal law.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, I assume that you have received a copy of the indictment that is pending against you, the written charges the government has made against you in this case; is that right?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And in Count Thirty-Two of the -- that's Thirty-Two of the indictment?

MR. GOLDMAN:  Correct, Your Honor.

THE COURT:  In Count Thirty-Two of the indictment you are charged with illegally re-entering the United States.

Do you understand the charge?

THE DEFENDANT:  Yes.

THE COURT:  Now, in order for you to be convicted of that offense, the government has to prove the following five things:

Number one, that you are an alien.

Number two, that you are not a citizen of the United States through birth or naturalization.

Number three, that you have previously been deported, denied admission, excluded, or removed from the United States.

And fourth, thereafter you knowingly entered or were found back in the United States.

And number five, that you had not obtained permission from the authorities to return to the United States.

Do you understand the government has to prove each of those five things beyond a reasonable doubt for you to be convicted of this offense?

*Laura Wells, RPR, RMR, CRR, RDR*

THE DEFENDANT:  Yes.

THE COURT:  If you are convicted, the maximum punishment that you face is time in federal prison not to exceed two years and a fine not to exceed $250,000.

Do you understand that's the maximum penalty?

THE DEFENDANT:  Yes.

THE COURT:  All right.  In addition to that, the Court would require you to pay a $100 special assessment.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, this offense also carries a maximum term of supervised release of one year.  Supervised release is what happens after you are released from prison.

Do you understand what supervised release is?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, since you are not a citizen of the United States, you may be deported after you are released from prison; and your period of supervised release would become inactive.

If you are deported, it is a condition of your supervised release that you may not illegally re-enter the United States.

Another condition is that if you do come back to the United States, either legally or illegally, you must

report within 72 hours to the nearest U.S. probation office and tell them that you are here.  At that point, your supervised release will become active.

If you fail to report to probation or if you re-enter the United States illegally, that would be a violation of the conditions of your supervised release and I can and I will revoke your supervised release and send you back to prison.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  All right.  So you clearly understand the nature of the charges against you and the range of punishment you face; is that right?

THE DEFENDANT:  Correct.

THE COURT:  All right.  Counsel, I understand you do have a plea agreement in this case?

MR. GOLDMAN:  That is correct, Your Honor.

THE COURT:  All right.  And this plea agreement is being offered pursuant to 11(c)(1)(B) of the Federal Rules of Criminal Procedure?

MR. GOLDMAN:  That is correct, Your Honor.

THE COURT:  Mr. Goldman, will you please summarize the essential terms of the plea agreement.

MR. GOLDMAN:  Yes, Your Honor.  Pursuant to that Rule 11(c)(1)(B) the defendant agrees to plead guilty to

Count Thirty-Two of the indictment.  In exchange, the United States will not oppose a request for acceptance of responsibility and will also file a motion for a downward departure if it determines she provided the United States with substantial assistance.  She also waives her right to appeal and waives her right to collaterally attack the conviction.

THE COURT:  All right.  Mr. McCann, is that your understanding of the terms?

MR. McCANN:  That is our understanding, Your Honor.

THE COURT:  Have you gone over this with your client?

MR. McCANN:  I have.

THE COURT:  Ms. Soriano-Hernandez, this is your plea agreement.  Has your attorney explained this to you to your satisfaction?

THE DEFENDANT:  Yes.

THE COURT:  And did the prosecutor correctly summarize the terms of your agreement as you understand it?

THE DEFENDANT:  Yes.

THE COURT:  All right.  The only thing I want to tell you about your plea agreement, obviously, is that your agreement is with the prosecutor in this case and

your plea agreement does not bind me later on when I determine your sentence in this case.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, one of the things that you are doing in your plea agreement is you are waiving your right to appeal.  Even though you don't know what your sentence is going to be in this case at this point in time, you are giving up your right to appeal that to a higher court later on.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  So no matter what the sentence is in this case, you are going to be stuck with it.  You are not going to be able to appeal it.  But the government can appeal if they are unhappy.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Now, if you plead guilty today and I accept your plea, then we will move to the sentencing process.  And in this case, a motion has been filed to waive the normal presentence report and proceed directly to sentencing.  I am going to grant that motion. I do believe I have sufficient information to exercise the Court's sentencing discretion.

However, before we get to that point, I need to make a determination if there is a factual basis for your plea of guilty.  So, Mr. McCann, does your client waive the formal reading of the indictment at this point?

MR. McCANN:  We do, Your Honor.

THE COURT:  All right.  So what I'm going to do now is I'm going to ask Mr. Goldman to summarize the facts that he thinks the government can prove about you in this case with respect to Count Thirty-Two of the indictment. When he finishes, I'm going to ask you if those facts are true.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Mr. Goldman.

MR. GOLDMAN:  Yes.  The defendant is a native citizen and national of Honduras and is not a native citizen or national of the United States.  That she was deported from the United States on August 15th of 2011. That she was found again in the United States, namely here in Houston, on September 7th, 2017.  That a record search of the central index system and her "A" file revealed no evidence that she obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security to reapply for admission into the United States.  And that a fingerprint

analyst examined and compared the fingerprints on the warrant of deportation and other documents to the known fingerprints of this defendant and concluded they were made by the same individual.

THE COURT: All right. Ms. Soriano-Hernandez, you have heard the prosecutor summarize the facts he believes the government can prove about you in this case. Are those facts true?

THE DEFENDANT: Yes.

THE COURT: All right. The Court finds there is a factual basis for the plea.

Let me ask you at this time: What is your plea to the charge against you in Count Thirty-Two of the indictment? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Do you state here in court under oath that each and every allegation in Count Thirty-Two is true and correct?

THE DEFENDANT: Yes.

THE COURT: And are you making this plea of guilty freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Has anyone forced you, threatened you, coerced you, or done any violence to you or any other person to get you to plead guilty?

*Laura Wells, RPR, RMR, CRR, RDR*

THE DEFENDANT: No.

THE COURT: Are you pleading guilty because of any promise that's been made to you other than what is in your written plea agreement?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty to protect someone else?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT: Yes.

THE COURT: Have you read or had explained to you to your satisfaction this plea agreement?

THE DEFENDANT: Yes.

THE COURT: And are you prepared to sign it under oath at this time?

THE DEFENDANT: Yes.

THE COURT: All right. Mr. McCann, do you know of any reason why your client should not plead guilty to Count Thirty-Two?

MR. McCANN: No.

THE COURT: Can you or Mr. Goldman think of any additional admonishments I need to provide the defendant at this time?

MR. GOLDMAN: For purposes of the plea, no, Your

Honor.

THE COURT: Mr. McCann, anything else?

MR. McCANN: I'm sorry. I couldn't hear the last part.

THE COURT: Any additional admonishment I need to provide to her with respect to the plea?

MR. McCANN: No.

THE COURT: It is the Court's finding that the defendant is clearly mentally competent and capable of entering an informed plea. I find the plea is supported by independent facts establishing all of the elements of the offense and that the defendant intended to do the acts she committed. I find the defendant's plea of guilty is voluntarily, freely, and knowingly made and that the defendant understands the nature of these proceedings and the consequences of her plea of guilty and that this is an informed plea.

Therefore, Ms. Soriano-Hernandez, I accept your plea of guilty and I find you guilty as charged in Count Thirty-Two of the indictment.

As I explained before, there has been an unopposed motion to waive the presentence investigation in this case. You are not opposed to that, Mr. Goldman?

MR. GOLDMAN: We have four points to make, Your Honor. Should I make them now or wait?

THE COURT:  In terms of whether I should waive it or in terms of sentencing?

MR. GOLDMAN:  Sentencing.

THE COURT:  Okay.  We're almost there.

MR. GOLDMAN:  All right.

THE COURT:  But in terms of waiving the presentence report, I do find that there is sufficient information in the file for the Court to meaningfully exercise its sentencing discretion.  So I'm going to grant the unopposed motion to waive the presentence investigation.

I have a sentencing worksheet that probation has prepared, and it calculates the total offense level as a six with a criminal history category of one.

Is there any disagreement on that?

MR. GOLDMAN:  No, Your Honor.

MR. McCANN:  No, Your Honor.

THE COURT:  All right.  That would come up with a recommended period of imprisonment under the advisory guidelines of zero to six months, a period of supervised release of one year, a fine range from $1,000 to $9,500, and $100 special assessment.

You are going to file a 5K, right?

MR. GOLDMAN:  I don't think it's necessary at this point, Your Honor.

*Laura Wells, RPR, RMR, CRR, RDR*

THE COURT: Go ahead and make your points.

MR. GOLDMAN: Four points, Your Honor. Number one, we move to remit the special assessment.

THE COURT: Remitted.

MR. GOLDMAN: Number two, we have no objection to time served as far as the sentencing portion.

Two more, I guess, difficult issues is we have a motion to stay removal that's filed with the Court. We ask that it be signed. It's a joint motion, and it's more of a prophylactic measure than anything else. I don't know if the Court has a copy or not.

THE COURT: I do. I'm signing it.

MR. GOLDMAN: The last one is agreed upon with Mr. McCann. We're asking, Your Honor, that there be one year of supervised release and that there be one specific condition to that supervised release and that is that the defendant have no contact, directly or indirectly or with a third party, with any of the co-defendants in this case during the supervised release.

THE COURT: No contact with any co-defendants or anyone else related to this case.

MR. GOLDMAN: Correct, Your Honor.

THE COURT: Okay.

MR. GOLDMAN: That will be directly, indirectly, or through a third party.

THE COURT:  All right.  I'm going to incorporate that.

(addressing probation officer)  Have you got that?

PROBATION OFFICER:  Yes, Your Honor.

THE COURT:  I will add that.

MR. GOLDMAN:  Thank you, Your Honor.

THE COURT:  It will be added to the supervised release in addition to the other conditions.

MR. GOLDMAN:  Thank you, Your Honor.

THE COURT:  Mr. McCann, that doesn't leave you much to say.

MR. McCANN:  Well, the only thing I want to clarify, Your Honor, is if as a condition if a third party attempts to contact her that she simply report it to Mr. Goldman.

MR. GOLDMAN:  That is fine, Your Honor.  Also, the agents that she is familiar with she can report that to as well.

THE COURT:  All right.

MR. McCANN:  That way if someone tries to contact her, she has a clear course of action, which I think will help in this matter.

THE COURT:  Okay.  All right.  I am going to sentence her to time served.

Ms. Soriano-Hernandez, you have the right to say

anything that you would like to say with respect to your sentence before I determine it.

THE DEFENDANT:  No.  I'm fine.  No.

THE COURT:  All right.  Thank you.

So, therefore, pursuant to the Sentencing Reform Act of 1984 it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time served.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one year.

In order to provide an added measure of deterrence and protection, based on the defendant's characteristics and community welfare, within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release the defendant shall not commit another federal, state, or local crime; shall comply with the standard conditions that have been adopted by the Court; abide by any mandatory conditions required by law; shall comply with the following additional conditions:  Cooperate with the collection of a DNA sample as directed by the probation officer.  You may not own, possess, or have access to any firearm, ammunition, destructive device or dangerous weapon; that is, anything

designed or modified for the specific purpose of causing bodily injury to another person, such as nunchucks or tasers.

You must immediately report or continue to report to U.S. Immigration and Customs Enforcement and follow all their instructions and reporting requirements unless deportation proceedings are completed.

If you are ordered deported outside the United States, you must remain outside the United States unless legally authorized to re-enter.  If you enter the United States, you must report to the nearest probation office within 72 hours after return.

You must seek proper documentation from U.S. Immigration and Custom Enforcement to work in the United States.

The special assessment is remitted.  And the Court finds that defendant does not have the ability to pay a fine in the case.  Therefore, the Court will waive the fine.

And the only other condition is the one that Mr. Goldman and Mr. McCann just discussed.  Do you understand that condition, Ms. Soriano-Hernandez?

THE DEFENDANT:  Yes, sir.

THE COURT:  No contact with anyone related to this case, any co-defendants through an intermediary or

third party; and if anyone tries to contact you with respect to this case, you are to notify Mr. Goldman.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  All right.  I guess I should advise her of her right to appeal.  I don't know that there will be an appeal filed.

Do you want to waive that, Mr. McCann?

MR. McCANN:  I think we're fine, Your Honor.

THE COURT:  Very good.  Is there anything else, Mr. Goldman?

MR. GOLDMAN:  If we could confer with the marshal for a moment, Your Honor.

THE COURT:  Absolutely.  Anything else?

MR. McCANN:  No, Judge.

THE COURT:  Thank you.

*(Proceedings concluded at 10:37 a.m.)*

*Date:  January 20, 2024*

### **COURT REPORTER'S CERTIFICATE**

*I, Laura Wells, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*

*_____/s/ Laura Wells_____*

*Laura Wells, CRR, RMR*

*Laura Wells, RPR, RMR, CRR, RDR*