UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA      .   4:17-CR-00651

VERSUS                        .   HOUSTON, TEXAS

FREDDY MONTES, ET AL          .   JUNE 21, 2022

. . . . . . . . . . . . . . .     10:32 A.M.

TRANSCRIPT OF STATUS CONFERENCE HELD REMOTELY VIA TELEPHONE
BEFORE THE HONORABLE GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

*****

This transcript has been furnished at public expense under
the Criminal Justice Act and may be used only as authorized by
court order.

Unauthorized reproduction will result in an assessment
against counsel for the cost of an original and one copy at the
official rate.

General Order 94-15, United States District Court,
Southern District of Texas.

*****

*APPEARANCES*

FOR THE GOVERNMENT:

    Adam L. Goldman
    Assistant United States Attorney
    1000 Louisiana
    Suite 2300
    Houston, Texas   77002

FOR DEFENDANT FREDDY MONTES:

    Winifred "Windi" Akins Pastorini
    Attorney at Law
    440 Louisiana
    Suite 200
    Houston, TX 77002

FOR DEFENDANT WILLIAM ALBERTO LOPEZ:

    Sean Buckley
    LAW OFFICES OF SEAN BUCKLEY PLLC
    175 Main Street
    Suite A
    Biloxi, Mississippi   39530

FOR DEFENDANT JOSE RUBEN PALOMO-MARTINEZ:

    Philip G. Gallagher
    Assistant Federal Public Defender
    440 Louisiana
    Suite 1350
    Houston, Texas   77002

FOR DEFENDANT GABRIELA GONZALEZ-FLORES:

    Gerardo "Gerry" Montalvo
    Attorney at Law
    Park Central Plaza
    1111 North Loop West
    Suite 820
    Houston, Texas   77008

*APPEARANCES CONTINUED*

FOR DEFENDANT HECTOR REYNA:

    Quentin Tate Williams
    HILDER & ASSOCIATES PC
    819 Lovett Boulevard
    Houston, Texas   77006

FOR DEFENDANT GIOVANI ALEXANDER ALECIO:

    David Adler
    Attorney at Law
    1415 North Loop West
    Suite 905
    Houston, Texas   77008

FOR DEFENDANT JOSE LUIS MORENO:

    Ali R. Fazel
    FAZEL LAW
    5373 West Alabama Street
    Suite 600
    Houston, Texas   77056

OFFICIAL COURT REPORTER:

    Mayra Malone, CSR, RMR, CRR
    U.S. Courthouse
    515 Rusk, Room 8004
    Houston, Texas   77002

Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

- - - - -

**PROCEEDINGS**

THE COURT:  We will go ahead and start, and the folks who are not on the line yet can explain it, or not.

This is a telephone conference in Criminal Case 17-651, United States versus Freddy Montes and others.

Who is on for the government?

MR. GOLDMAN:  Good morning, Your Honor.  Adam Goldman for the United States.

THE COURT:  Mr. Goldman, good morning.

MR. GOLDMAN:  Good morning.

THE COURT:  And Ms. Pastorini is on for Mr. Montes?

MS. PASTORINI:  Yes, Your Honor.  That is correct.

THE COURT:  All right.  Good morning to you.

MS. PASTORINI:  Good morning.

THE COURT:  We don't have Mr. Cunningham on yet for Mr. Gonzalez, do we?  Mr. Cunningham, are you on?

Or Ms. Bagshaw for Ms. Moreno-Reyna?

Mr. Buckley, you're on for Mr. Lopez?

MR. BUCKLEY:  Good morning, Your Honor.  Yes, I am.

THE COURT:  All right.  Good morning.  Thank you.

And Mr. Gallagher on for Mr. Palomo-Martinez?

MR. GALLAGHER:  Yes, I'm here, Judge.

THE COURT:  Okay.  Good morning.

Mr. Montalvo on for Ms. Gonzalez-Flores?

MR. MONTALVO:  Yes, Your Honor.  Present.  Sorry.  I

missed the 10:00 since I was on another case.

THE COURT:  That's okay.  It wasn't much of a surprise for anybody.

Mr. Fazel is not on for Mr. Moreno.  No Mr. Fazel.

And Mr. Williams on for Mr. Hector Reyna?

MR. WILLIAMS:  Tate Williams for Hector Reyna, Judge.

THE COURT:  Who just joined?

MR. FAZEL:  This is Ali Fazel, Your Honor.  Sorry.  I was in state court.  I apologize.

THE COURT:  Ahh, yes, Mr. Fazel.  Okay.

All right.  I was waiting to see one of your written status reports, Mr. Goldman.  I'm disappointed I didn't get one.

MR. GOLDMAN:  Oh, Your Honor.  I'm sorry about that. I was working on trying to get the pleas done.  So I apologize.

THE COURT:  No problem.  No problem.  I'm just teasing.

Where do we stand, Mr. Goldman, from your perspective?

MR. GOLDMAN:  From my perspective, Your Honor, of the eight remaining defendants, I sort of have them grouped in five categories:  One defendant we expect to be resolved in the next one to two weeks.  Another defendant has indicated that he is going to plead to his charges right before trial.  For three of

the defendants, I have sent updated plea agreements, and hopefully we can get those worked out.  For another defendant, I have to fix up some of the language.  We had a discussion on Friday, and I think we are close to getting that one resolved. We are trying to work out some agreeable language.  And last, we have two remaining defendants.

I have discussed not in depth about plea agreements or a possible plea resolution, but there are two other defendants, and there have been very limited plea discussions.  One, I have been trying to catch up with the other ones first, but there are two remaining defendants that may elect to go to trial.

THE COURT:  All right.  When do you think you will have these other defendants wrapped up as far as plea agreements are concerned?

MR. GOLDMAN:  Your Honor, so looking at my crystal ball here, I would say in the next -- to be generous to myself, hopefully before September.  Sometime in July or August would be my guesstimate.

THE COURT:  Okay.

MR. GOLDMAN:  Two months basically, yes.

THE COURT:  All right.  Let's see.  Anything from any of the defense counsel as far as where we stand?  Or anything they'd like to talk about?

MR. BUCKLEY:  Your Honor, this is Sean Buckley

speaking for William Alberto Lopez.  My phone is a little on and off, so I don't know if I was interrupting anyone.

THE COURT:  No.  I don't think so.

MR. BUCKLEY:  So I believe that we are in the category that Mr. Goldman mentioned of defendants who may be going to trial.  I would just reiterate to the Court what I have said previously, which is that we really don't want to try this case, but we do not feel that we have been presented with an alternative that gets us anything in the guidelines.

In fairness to Mr. Goldman, I'm neck deep in a state court murder trial.  So to the extent that we have not had more in-depth discussions recently, I certainly don't blame him for that, but we are eager to continue trying to reach a meeting of the minds, Your Honor.

THE COURT:  All right.  Good luck with that.

MR. BUCKLEY:  Thank you, Judge.

THE COURT:  Anybody else have anything they would like to add?

MR. WILLIAMS:  Judge, this is Tate Williams for Hector Reyna.

Other than being in a murder trial, I'm in a similar position to Mr. Buckley, except that I would add that my client has been unavailable for a while because he's been hospitalized and -- as of the last time I checked.  And so while Mr. Goldman and I have had some negotiations, and those

are going to continue, it has just complicated my ability to discuss the matter with my client since he is not at Joe Corley due to health reasons.  And unfortunately, I may not be able to be admitted to Joe Corley for a little while because I have a family member with COVID.  So I concur with Mr. Goldman's time estimate to try to wrap these things up.

THE COURT:  All right.  Thank you.

Mr. Fazel, you're awfully quiet.

MR. FAZEL:  That's usually a good thing, Your Honor.

THE COURT:  It's unusual.

MR. FAZEL:  I know.  I know.  One of these days, I'm going to get my feelings hurt.

*(Laughter)*

THE COURT:  I'll stop.

MR. FAZEL:  I know.  I know.  Judge, it's always a pleasure.  Judge, I have a question for you, actually just housekeeping matters.  Is the Court going to maintain this case or is the Court going to pass this case along to somebody else? I'm just curious about that, as far as sentencing especially.

THE COURT:  Yeah.  All of my civil and criminal cases are going to be reassigned as of July.

MR. FAZEL:  As of July?  Okay.  I'm sorry to hear that, Your Honor.  Wow.  Don't go, Judge.

UNIDENTIFIED SPEAKER:  Please don't go, Your Honor.

MR. FAZEL:  Well, Your Honor, I'm sorry to hear that,

but thank you so much for letting us know.

THE COURT:  All right.

MS. PASTORINI:  Judge, this is Windi Pastorini for Mr. Montes.

I will tell you, Your Honor, I have been working diligently with Mr. Goldman, and I feel like we are very close to a resolution, and I am not one of the people that are anticipating having to be tried.  Anyway, I hope to have an answer for the Court later this week and Mr. Goldman.  I hope to have, you know, words for both of you.  Okay?

THE COURT:  All right.  Good.  That sounds promising.  Thank you.

MS. PASTORINI:  Thank you, Your Honor.

THE COURT:  Mr. Gallagher, anything to add about your client?

MR. GALLAGHER:  No, Your Honor.  I'm one of the folks that Mr. Goldman said I think we've reached a resolution.  We are just waiting on some paperwork, but I don't anticipate any issues with resolving this matter without a trial, Your Honor.

THE COURT:  Okay.  Very good.

UNIDENTIFIED SPEAKER:  Judge, can we pick who our case is going to be reassigned to?

*(Laughter)*

THE COURT:  That's not possible, I'm afraid.  I will tell you this, depending on who it is assigned to, if your

client is pleading or working something out and the sentencing is set for some time after September, maybe in the October time frame, I would be happy to sentence your defendant.  I'm not keeping the case, but I would be happy to sentence the defendant since I'm somewhat familiar with the facts of the case.  And if you'll just make that request to the judge who has the case, I'm sure he or she will not mind me sentencing some of the defendants in this case since I have had it for so long.

MR. FAZEL:  Thank you.

MS. PASTORINI:  That's great, Your Honor.

THE COURT:  I'm happy to do that, but I'm going to be out of pocket pretty much July, August and September.  So October would be a good time and give the probation department time enough to get the presentence report done and those kinds of things.  But I will be around and I can do the sentencing if you want and the new judge agrees to that.  I'm fine with that.

MS. PASTORINI:  Judge, it would be nice to have a known as opposed to an unknown, so I think that would be great.

THE COURT:  Okay.  That sounds good to me.  And let's see.  I'm just going to be doing visiting judge things after that and mainly sentencing.  I think it's going to pretty much be on the criminal side, not the civil side.

So anything else?  Anything else we need to talk about?

Do we need to reset this for another telephone conference?  Or do we just want to wait and see how things play out?

MS. PASTORINI:  Judge, as for me, I think we're ready for -- we're ready to try to go forward with the plea so that will take me out of that loop.  But like I said, I anticipate resolving it hopefully by the end of the week.

THE COURT:  Okay.  Mr. Goldman, I'm just going to leave it in your hands.

MR. GOLDMAN:  Your Honor, maybe one more -- maybe a status conference sort of toward the end of August might be helpful just so we can get back with each other to see where we are at that point.

THE COURT:  All right.  Ruth, do you want to set this for some time close to the end of August?

THE CASE MANAGER:  Okay, Judge.  And so will this be reassigned to another judge at that time?

THE COURT:  Yes.

THE CASE MANAGER:  I mean, would you be having the phone conference?

THE COURT:  No.  I'm not going to be doing it.  The new judge will be taking care of the conference because I'm not around at the end of August.

THE CASE MANAGER:  Okay.  Got it.  I'm going to set a phone conference for whoever the new judge will be.  Okay.

THE COURT:  Yes.  Yes.

MR. GOLDMAN:  Your Honor, this is Adam Goldman.  I had one more -- one more question.

THE COURT:  Sure.

MR. GOLDMAN:  Since I think we are all sort of on the same sheet of music about having you do the sentencing for anyone that pleads, I prepared a joint motion to that effect for all the parties that are interested.

THE COURT:  That's absolutely fine.  When it is reassigned to a new judge, you can just present that motion to him or her, and if he or she grants it, then I'm happy to do the sentencing in October.

MR. GOLDMAN:  Okay.  Thank you, Your Honor.

THE COURT:  Okay.  Great.  Well, good luck with your cases.

MR. GOLDMAN:  Thank you, Your Honor.

MS. PASTORINI:  Thank you, Your Honor.

THE COURT:  We are adjourned.

*(Court adjourned at 10:44 a.m.)*

* * * *

I, Mayra Malone, CSR, CRR, RMR, certify that as a Federal Official Reporter for the Southern District of Texas, I have transcribed the Zoom/telephone conference of the foregoing entitled case to the best of my ability; that any inaudible designations are because of audio interference that precluded me from understanding the words spoken; and that the foregoing typewritten matter contains a full, true and correct transcript of my understanding of the aforesaid proceedings as recorded, to the best of my skill and ability.

DATE: October 1, 2025


/s/ Mayra Malone

----------------------------------------
Mayra Malone, CSR, RMR, CRR
Official Court Reporter