UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA       .   4:17-CR-00651
                               .   HOUSTON, TEXAS
VS.                            .
                               .   JANUARY 27, 2022
FREDDY MONTES, et al           .   10:00 A.M. to 10:22 A.M.

TRANSCRIPT of TELEPHONE CONFERENCE
BEFORE THE HONORABLE GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

This transcript has been furnished at public expense under the Criminal Justice Act and may be used only as authorized by court order.  Unauthorized reproduction will result in an assessment against counsel for the cost of an original and one copy at the official rate.  General Order 94-15, United States District Court, Southern District of Texas.

APPEARANCES:

FOR THE GOVERNMENT:            ADAM LAURENCE GOLDMAN
                              Department of Justice
                              U.S. Attorney for the
                              Southern District of Texas
                              1000 Louisiana Street
                              27th Floor
                              Houston, Texas  77208


FOR DEFENDANT FREDDY MONTES:   WINIFRED AKINS PASTORINI
                              Attorney at Law
                              440 Louisiana
                              Ste 200
                              Houston, Texas  77002


Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

APPEARANCES CONTINUED

FOR DEFENDANT VICTOR JAVIEL
GONZALEZ:                                (Mr. Quentin Tate Williams
                                            appearing for Mr. David
                                            Paul Cunningham)


FOR DEFENDANT MARIA ANGELICA
MORENO-REYNA:                            CHARLES L. DUKE
                                         Duke & Momberger
                                         9225 Katy Fwy
                                         Suite 200
                                         Houston, Texas   77024


FOR DEFENDANT WILLIAM ALBERTO
LOPEZ:                                   SEAN BUCKLEY
                                         Sean Buckley & Assoc.
                                         4801 Woodway Drive
                                         Suite 300 West
                                         Houston, Texas   77056


FOR DEFENDANT ERIK IVAN
ALVAREZ-CHAVEZ:                          ADRIAN ALMAGUER
                                         Attorney at Law
                                         P.O. Box 262406
                                         Houston, Texas   77207


FOR DEFENDANT JOSE RUBEN
PALOMO-MARTINEZ:                         PHILIP G. GALLAGHER
                                         Federal Public Defender
                                         440 Louisiana St
                                         Ste 1350
                                         Houston, Texas   77002

APPEARANCES CONTINUED

FOR DEFENDANT GABRIELA
GONZALEZ-FLORES:                    GERARDO S. MONTALVO
                                    The Montalvo Law Firm, PLLC
                                    Park Central Plaza
                                    1111 North Loop West
                                    Ste 820
                                    Houston, Texas   77008


FOR DEFENDANT WALTER LOPEZ:         JAMES RAY ALSTON
                                    Attorney at Law
                                    3700 North Main St
                                    Houston, Texas   77009


FOR DEFENDANT EDDIE ALEJANDRO
TORRES:                             LARRY EASTEPP
                                    Larry D. Eastepp PC
                                    5300 Memorial
                                    Ste 1000
                                    Houston, Texas   77007


FOR DEFENDANT HECTOR REYNA:         QUENTIN TATE WILLIAMS
                                    Hilder & Associates, P.C.
                                    819 Lovett Blvd.
                                    Houston, Texas   77006


FOR DEFENDANT BIANCA STEPHANIE
REYNA:                              THOMAS B. DUPONT, II
                                    Dupont & Dupont
                                    Historic Bayou Lofts
                                    915 Franklin Street
                                    Unit 7M
                                    Houston, Texas   77002

APPEARANCES CONTINUED

OFFICIAL COURT REPORTER:                    KATHY L. METZGER
                                           Court Reporting Services
                                           Office, Room 8004
                                           U.S. Courthouse
                                           515 Rusk
                                           Houston, Texas   77002

P R O C E E D I N G S

THE CASE MANAGER:  Judge, I think we have everyone except for Mr. Fazel, who did say he was going to be late.

THE COURT:  All right.  Good.  Thank you very much.

This is a telephone status conference in Criminal Case 17-651, United States of America versus Montes and others. I understand we have most of the remaining defendants' counsel on the phone except for Mr. Fazel, but I would like just for the record to go ask the attorneys to make their appearances, please, beginning with the attorney for the government and go through the defendants by number on the indictment, please.  So for the government, who's appearing?

MR. GOLDMAN:  Good morning, Your Honor.  Adam Goldman for the government.

THE COURT:  All right.  Good morning, Mr. Goldman.

And for the defendant --

MS. PASTORINI:  Your Honor --

THE COURT:  -- beginning with Mr. Montes?  Go ahead.

MS. PASTORINI:  Yes, sir.  Windi Pastorini for Mr. Montes, defendant number one.

THE COURT:  Thank you.

Okay.  Let's see.  Mr. Williams, you're appearing for Mr. Cunningham on behalf of defendant Victor Gonzalez and behalf of your own client Hector Reyna, correct?

MR. WILLIAMS:  Yes, sir, that's correct.

THE COURT:  All right.  Mr. Duke?

MR. DUKE:  Yes, Charlie Duke on behalf of -- appearing on behalf of Maria Moreno.

THE COURT:  All right.  Thank you.

Mr. Buckley?

MR. BUCKLEY:  Sean Buckley appearing on behalf of William Alberto Lopez.  Good morning, Your Honor.

THE COURT:  All right.  Good morning.  Thank you.

Mr. Almaguer?

MR. ALMAGUER:  Yes, Your Honor.  I'm appearing on behalf of Mr. Erik Ivan Alvarez-Chavez.

THE COURT:  All right.  Thank you, sir.  Good morning.

MR. ALMAGUER:  Good morning.

THE COURT:  Mr. Gallagher.

MR. GALLAGHER:  And Philip Gallagher for Jose Palomo-Martinez, Your Honor.

THE COURT:  Thank you, Mr. Gallagher.  Good morning.

MR. GALLAGHER:  Good morning.

THE COURT:  And let's see now, Mr. Montalvo.

MR. MONTALVO:  Gerry Montalvo for Ms. Gabriela Gonzalez-Flores.  Good morning, Your Honor.

THE COURT:  All right.  Good morning, Mr. Montalvo.  Thank you.

Mr. Alston.

MR. ALSTON:  Yes, Your Honor.  Good morning.  James

Alston for Walter Lopez.

THE COURT:  All right.  Thank you, sir.  Good morning.

And let's see, Mr. Eastepp.

MR. EASTEPP:  Larry Eastepp for Eddie Alejandro Torres, Your Honor.  Good morning.

THE COURT:  All right.  Good morning to you, sir.

And Mr. Fazel is going to be late.  Mr. Williams has already made his appearance.  Do we have Mr. Dupont on the phone?

MR. DUPONT:  Judge, I'm present today.  Good morning. I'm appearing today for Ms. Stephanie Reyna.

THE COURT:  All right.  Good.  Thank you, Mr. Dupont. Good morning to you.

All right.  I have read the status report that Mr. Goldman filed this morning.  I assume that you've all had a chance to take a look at it.  I'm going to say before I hear from anybody that it looks like we're making progress on this case.  So, Mr. Goldman, do you have anything to add other than what you put in the status report?

MR. GOLDMAN:  Nothing else really, Your Honor, just that I am continuing to negotiate in the holiday spirit with some of the counsel to try to get a more favorable disposition for some of them.  I don't think I need to go too much into it, but we are making progress is my belief.

THE COURT:  All right.  All right.  I'm glad to see

that you're still in the holiday spirit, Mr. Goldman.

From the perspective of the defense counsel, I would like to hear from anybody who's got anything to say and I would also like to get your questions about how much longer these plea negotiations might take to determine whether or not any of your clients wish to plead guilty or we could go to trial and if so, we ought to think about maybe a trial setting for the remaining defendants.

So I'll start with Ms. Pastorini.

*MS. PASTORINI:* Judge, it looks like that Mr. Goldman and I have had at least a bit of an agreement. I still need -- he's going to resubmit the plea papers to me for me to take to Mr. Montes, as soon as we don't have this case worked out. We're both trying very hard and I hope that as soon as I get the papers, I'll be able to run over to the FDC and talk to him.

*THE COURT:* Okay. Thank you.

Mr. Williams, do you know anything with respect to Mr. Cunningham's client?

*MR. WILLIAMS:* Judge, I do not have any detailed information. I believe that Mr. Goldman may know more about that.

*THE COURT:* Okay. I don't want any details obviously, but as again -- I guess, Mr. Goldman, you're still talking to Mr. Cunningham; is that right?

MR. GOLDMAN:  Your Honor, of all the defendants remaining, I would say that is the most likely one to resolve in a non-trial disposition.  That's one of two.  But I'm very confident that when we get together, it will resolve very quickly.

THE COURT:  Okay.  Thank you.

Mr. Duke.

MR. DUKE:  Yes, sir.

THE COURT:  Where do you stand?

MR. DUKE:  We're just waiting on a plea agreement from Mr. Goldman.

MR. GOLDMAN:  Your Honor, it was sent back -- it was in October.  We sent it, but it was sent a little while ago.  I can resend it to Mr. Duke.

MR. DUKE:  Yeah, would you, Adam?

MR. GOLDMAN:  Okay.  Certainly.  That's no problem, yes.

THE COURT:  Okay.  So, let's see, Mr. Buckley.

MR. BUCKLEY:  Yes, Your Honor.  I was making sure I'm still not on mute.  Mr. Goldman forwarded a plea agreement to us.  I'm in the course of discussing that with Mr. Lopez, but I would characterize our position as among the least likely to resolve this matter without a trial.

THE COURT:  Okay.  So your client is probably going to need a trial?

MR. BUCKLEY:  Most likely, Your Honor.

THE COURT:  Okay.  Good.  Thank you.

Let's see, Mr. Almaguer.

MR. ALMAGUER:  Your Honor, it looks like Mr. Goldman and I are on the verge of resolving this matter.

THE COURT:  All right.  Good.  Thank you.

Let's see, Mr. Gallagher.

MR. GALLAGHER:  Yes, Your Honor.  We're waiting for some materials from the government to resolve it.

THE COURT:  All right.  So you think your client may end up pleading and not need a trial?

MR. GALLAGHER:  I think it's unlikely that we'll wind up in a trial, Your Honor.

THE COURT:  Okay.  Thank you.

MR. GOLDMAN:  We would concur, Your Honor.

THE COURT:  All right.  Very good.  Thank you.

Mr. Montalvo?

MR. MONTALVO:  Your Honor, I do have a plea agreement from the government and we are most likely going to resolve this without a trial.  I just need to talk to Mr. Goldman, but I don't believe a trial is going to be necessary for my client.

THE COURT:  Okay.  Thank you.

All right.  So that gets us down to Mr. Alston.

MR. ALSTON:  Yes, Your Honor.  I have received a plea agreement from Mr. Goldman.  I need to talk to him about that a

little bit more.  I would like to get a little bit more holiday spirit with my agreement.  I'll talk to Mr. Goldman.  I'll talk to Mr. Goldman about that.  But I would say that -- and I have talked to Mr. Goldman about this.  My client is very likely to plead, and so I don't think a trial is going to be necessary for my client at all.

THE COURT:  Okay.  Thank you.

All right.  So down to -- let's see, that was Mr. Lopez.  Mr. Eastepp.

MR. EASTEPP:  Yes, Judge, I did receive a plea agreement.  I believe we will be able to resolve this.  I have somewhat of a unique problem.  It is not Mr. Goldman's fault.  It's not the Court's fault.  But my client was moved three years ago.  Shortly after I was appointed to this case, he was moved out of the FDC into the Harris County jail system.  And they keep moving him.  And I don't know where he is at times.

And I visited him -- Mr. Goldman sent me the proposed plea agreement.  I went to the facility he was in.  I was able to meet with him in one of the booths through plexiglass.  But when I finished I was going to leave him most of the plea agreement.  I'm always reluctant to leave everything in some cases, like in a particular case like this, and could not find a Harris County deputy anywhere around that I could leave it with, so I left and mailed it to him.

Shortly after he received it, his -- one of his

family members called me and said they moved him and he didn't get to take his paperwork with him.  So he's in a different facility now than the last time.  And it's the fourth or fifth move I've gone through, including a couple of times where I had to get Rhonda a year and a half ago to intercede with the marshals and track down where he was.  So it's pretty frustrating.  And I just point it out in case I do end up having to file something to figure out where he is.  But I do think we are going to be able to resolve it.  Sorry about the lengthy rendition.

THE COURT:  All right.  No worries.  No worries.

Mr. Fazel, is he on the phone yet?  Mr. Fazel, for his client Mr. Moreno?

Mr. Goldman, do you know anything?  I don't want to hear any privileged information obviously or any details.  Do you know anything about what's going on with Mr. Fazel's client?

MR. GOLDMAN:  I did give him a plea agreement, Your Honor.  We have been in discussions, but I really can't comment or actually I don't know about the relationship -- or what his client feels about the agreement sent to him.  So, but the agreement has been sent to him and we have been in discussions.

THE COURT:  All right.  Maybe Mr. Fazel will appear before we get off the phone.

Let's see, Mr. Williams, what about your client,

Mr. Reyna?

MR. WILLIAMS: Mr. Reyna has received a draft plea agreement. I mean, it is a plea, but it's not a bargain as somebody else characterized it once. We are in the review process. I just sent a few moments ago Mr. Goldman an e-mail which -- basically we're still in the negotiation process. So I find myself somewhere between Sean Buckley's client and -- to be honest, I'm not sure if we're going to need a trial or if it's going to be resolved by a plea yet.

THE COURT: Okay. All right. So you're still --

MR. WILLIAMS: Still in negotiations, yes, sir.

THE COURT: All right. Let's see, Mr. Dupont, what about your client?

MR. DUPONT: Hi, Your Honor. I have also received a plea agreement that apparently Mr. Goldman wrote on Christmas day. I'm pretty happy with it. It's been reviewed with my client. I'm waiting to get a thumb's up, but I anticipate a plea and not a trial.

THE COURT: All right.

MR. DUPONT: And if I could add one thing for Mr. Eastepp's client. This is just a side note. But, Judge, they are moving the people in the Harris County system to Louisiana. I don't know if Larry knows that or not, but I hope that's not the case for him. But we're having inmates over here being shipped there the next day.

*THE COURT:* Oh, I wasn't aware of that.  Mr. Eastepp, do you need us to try and convene with the marshal again and figure out where your client is?

*MR. EASTEPP:* Not at the moment.  Though I would ask will you approve a voucher if I go to New Orleans, Judge?

*MR. DUPONT:* Can we go with him?

*THE COURT:* You'll probably need a lot of help over there, I imagine.

*MR. EASTEPP:* Exactly.  But I did -- one thing I did develop through Rhonda, back, again, it's almost probably two years ago, is I have the e-mail of the marshal supervisor, who's very responsive.  So, again, it's frustrating when I show up at a facility and they -- and they also somewhat have an off the books, meaning he's not listed.  And if you look on line, he's not listed.  So it's just frustrating.  I show up in one place and they tell me, He's not here.  And sometimes they can't tell me where he is.  But I think I know where he is right now.

*THE COURT:* All right.  Well, listen, if you need help, don't hesitate to contact us.  We'll be happy to contact the marshal and get any response from him.  But it sounds like you can probably locate him.  Let us know otherwise.

*MR. EASTEPP:* Thank you, Judge.

*THE COURT:* All right.  Is there anything else about this case that we need to talk about right now?  It looks like

that Mr. Lopez and possibly Mr. Hector Reyna need trials.

Let me ask you, Mr. Buckley, with respect to your client, Mr. Lopez, what kind of trial date are you looking at?

*MR. BUCKLEY:*  Well, Your Honor, of course, I don't know the Court's proposed calendar.  But I'm starting a trial next month in front of Judge Lynn Hughes, which may go three weeks.  I know that I have a case out in San Diego that may start in the summer.  But realistically this is a pretty complex matter and it would be easiest for me to try it no earlier than late summer at the earliest.

*THE COURT:*  All right.  I'll make a note of that. I'll talk to Ruth.  And let's see, who else?  So, Mr. Hector Reyna, Mr. Williams, I guess late summer would work for you as well?

*MR. WILLIAMS:*  Judge, I think that might be a little ambitious from the standpoint that I was recently appointed to the case.  There is a -- I believe that -- I mean, I've made pretty good headway with assistance both from the government has outlined the case against my client pretty well several times, in bail and other pleadings.  The discovery is voluminous.  I did inherit a pretty well-organized file from previous counsel.  But at some point -- I mean, there is video, although my understanding is my client is not on any of the video.

I feel like that it probably -- that late summer

might be, just given my late entry and the amount of discovery involved to review, that that might be a little ambitious. And so I would say later year probably or early next year, assuming time for pretrial motions and that sort of thing. But rather than enter a scheduling order right now, I would recommend or request that we convene back in perhaps four to six weeks to see if all the other dominoes have fallen as predicted and where that -- as I said earlier, I'm not sure where we are yet because we're still in negotiations and then that may clear the decks or may complicate things.

THE COURT: Okay.

MR. BUCKLEY: And, Your Honor -- pardon me, Your Honor. It's Sean Buckley again. And we have no objection to a further delay. We're not in a hurry to get this thing to trial.

THE COURT: Okay. All right. Why don't we reconvene on the phone for another status conference in six weeks. I'll get Ruth to set up a day and a time and she'll send out a notice. And that way I think six weeks maybe will give enough time to the lawyers who are still discussing these post-plea agreements with their clients to determine whether or not your clients need a trial or whether they're going to plea.

Anybody have any objection to that? Just let me know if anybody is objecting to setting this for a status conference on the phone for six weeks hence. Anyone object to

that?  All right.  I take it by your silence nobody is objecting.

So let's do that, Ruth.  We'll set it up and I'll talk to Ruth and get a specific date and time and then we'll get it out to you.

Did Mr. Fazel ever join us on the phone?  No.  Okay.  So we don't really know what the status of Mr. Moreno is.

All right.  Is there anything else from the government, Mr. Goldman?

*MR. GOLDMAN:*  Nothing else from the government, Your Honor.

*THE COURT:*  Okay.  Any defense counsel have anything else they need to talk about?

All right.  Well, thank you for your time everyone, and we're adjourned.  I'll talk to you in six weeks.

*MR. WILLIAMS:*  Thank you.

*MS. PASTORINI:*  Thank you, Your Honor.

*MR. GOLDMAN:*  Thank you, Your Honor.

*(Concluded at 10:22 a.m.)*

* * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled cause, to the best of my ability.

/s/ *Kathy L. Metzger*                    *10-2-2025*
Kathy L. Metzger                          Date
Court Reporter