IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| USA | § | CASE NO. 4:17-cr-00651-18 |
| | § | HOUSTON, TX |
| VERSUS | § | MONDAY, |
| | § | NOVEMBER 13, 2017 |
| MONTES ET AL | § | 10:16 to 11:00 AM |

DETENTION HEARING

BEFORE THE HONORABLE FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PARTIES:          SEE NEXT PAGE

COURT REPORTER:          TRACEY CONRAD

COURT CLERK:          BEVERLY WHITE

TRANSCRIPTION SERVICE BY:

Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396 ▼ www.veritext.com

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

                                    APPEARANCES:

FOR THE PLAINTIFF:              DEPARTMENT OF JUSTICE
                                UNITED STATES ATTORNEY FOR THE
                                SOUTHERN DISTRICT OF TEXAS
                                Adam Goldman
                                1000 Louisiana Street
                                27th Floor
                                Houston, Texas 77208
                                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

FOR THE DEFENDANTS:             LAW OFFICE OF ROGELIO J. PEREZ
                                Rogelio J. Perez
                                8400 Howard Drive
                                Houston, TX 77017
                                713-645-1969

                                GEORGE O. JACBOS & ASSOCIATES
                                George Jacobs
                                525 N Sam Houston Parkway East
                                Suite 174
                                Houston, TX 77060
                                713-683-190

                                LAW OFFICE OF JOSEPH A. CONNORS
                                Joseph Connors
                                106 West Fern Ave.
                                McAllen, TX 78501
                                956-686-6080

HOUSTON, TEXAS; MONDAY, NOVEMBER 13, 2017; 10:16 AM

THE COURT:  The next case is H-17-651, Erik Ivan Alvarez Chavez, Denis Amaya Caballero, Melissa Dominguez. What's going on?  This case is unsealed?

MR. GOLDMAN:  Yes, it is now, Your Honor.  Adam Goldman for the United States.

MR. JACOBS:  George Jacobs, at the present time, for Mr. Alvarez.

THE COURT:  Hi.  Hi, Mr. Jacobs.  Mr. Alvarez, will you stand in of Mr. Jacobs, please.  The record will show the proceedings are being interpreted into the Spanish language by the court interpreter, the official court interpreter.  Who is Mr. Erik Ivan Alvarez?

MR. PEREZ:  Rogelio Perez.  I'm representing Mr. Ivan Amaya Caballero.  However, Your Honor, I was representing him on a case previous to that, 503.  But as I understand, the AUSA will dismiss that in the next couple of days.  And this is actually a continuation of that same case.

THE COURT:  So, you don't have any conflict in representing him.

MR. PEREZ:  No, ma'am.

THE COURT:  Very well.

MR. GOLDMAN:  That's correct, Your Honor.

THE COURT:  Is there a co-counsel with you, Mr. Jacobs?

MR. JACOBS:  Yes, there is, Your Honor, there is.

THE COURT:  Okay, very good.  And you're both representing Mr. Alvarez-Chavez?

MR. JACOBS:  That's correct, Your Honor.  It's the same situation.  We represented him on a previous case that led up to this.  And we did a suppression hearing on that.  We're waiting for the ruling, and Mr. Goldman says he's going to dismiss that case, or that case on him.

THE COURT:  Whose Court was that in?

MR. GOLDMAN:  Judge Miller, Your Honor, and this case is also going to go to Judge Miller.

THE COURT:  All right.

MR. JACOBS:  He needs, probably, to make arrangements for an -- we have not hired on this case.  So, he probably needs a public defender until such time as he could make arrangements for us to substitute in.

THE COURT:  All right.

MR. GOLDMAN:  I know there's a conflict with the Public Defender's Office.

THE COURT:  (indiscernible) the Public Defender. What were you saying, Mr. Goldman?

MR. GOLDMAN:  There's a conflict with the Public Defender's Office.  I think Ms. White knows that already.

THE COURT:  Yes, there is a conflict of interest, but we can appoint a lawyer for you, just not a public defender.

Did your client fill out a financial affidavit?  We'll ask him to do that with the help of the interpreter.  Who represents Melissa Dominguez?

MR. CONNORS:  Your Honor, Joseph Connors from McAllen.

THE COURT:  How are you?  All right, very good.

MR. CONNORS:  Your Honor, retained.

MR. PEREZ:  Your Honor, may I just add, I was appointed on the previous case and I would ask the Court to appoint me on this.

THE COURT:  You can continue to be appointed, yes. Yes, Beverly?

CLERK:  That's what I was wanting the Court to make the distinction, because Mr. Connors is the only attorney he retained.  The other two want to be appointed because of previous cases.

THE COURT:  Were you appointed to the previous case, Mr. Jacobs, or retained?

MR. JACOBS:  No, we were retained.  And that's why I say he needs an appointment of counsel until we can make arrangements on this case.

THE COURT:  To retain you for this separate case, very well.

CLERK:  Mr. Perez needs to be qualified for CJA.

THE COURT:  All right, well, has your --

MR. JACOBS: I'm a CJA counsel, Your Honor, and I was appointed on the 503 case and I'd like to be appointed for this. It's a continuation of the same case.

THE COURT: Mr. Caballero's financial circumstances have not changed, correct?

MR. JACOBS: That's correct, Your Honor.

THE COURT: Then I don't need him to fill out another financial affidavit, and you may continue to be appointed for him.

MR. JACOBS: Thank you, Your Honor.

THE COURT: Okay. So, is this an initial appearance?

MR. GOLDMAN: Yes, it is, Your Honor.

THE COURT: Okay, this is the first appearance in the new case number H-17-651. And one of the things we talk about at this initial stage is the importance of an attorney to assist you at every court proceeding. And Ms. Dominguez, you do not need a court interpreter? Okay.

And whether you can hire a lawyer or not, you are entitled to have lawyer who is loyal only to you, and somebody that you can talk to about the case, and somebody who will represent you at trial or to help you prepare for trial, or to help you resolve your case without a trial. And the lawyer is the only person you should speak to about the case. The lawyer is required to keep your communications confidential.

Other people are not confidential, persons you talk

to, and anybody else, such as any co-defendant in this case, each other, or people who are not your lawyers. Certainly, you're not required to talk to law enforcement officials about this case. Also, you're not required to be a witness or make any statement about the facts of this case in the court.

You're not required to make any explanation about the facts of this case. And so, I'm trying to explain to you your right to remain silent as well as your right to an attorney. Do you understand your right to not incriminate yourself, your right to remain silent, Mr. Alvarez Chavez? Do you understand that right?

MR. ALVAREZ CHAVEZ: Yes.

THE COURT: Mr. Caballero, do you understand that right?

MR. CABALLERO: Yes.

THE COURT: Ms. Dominguez, do you understand that right?

MS. DOMINGUEZ: Yes.

THE COURT: Do you all also understand your right to an attorney? Do you understand that right?

MR. CABALLERO: Yes.

MR. ALVAREZ CHAVEZ: Yes.

THE COURT: Ma'am?

MS. DOMINGUEZ: Yes.

THE COURT: Okay. At the end of this proceeding, I'm

going to ask Mr. Alvarez Chavez to take a seat and fill out your financial affidavit with the help of the court interpreter.  And then I will ask him to come back to the bench and swear to the affidavit, and I will find a court appointed lawyer who speaks Spanish to represent him until he can hire you all.  All right?

MR. JACOBS:  Thank you, Your Honor.

THE COURT:  Very good.  So, also the purpose of this proceeding is to advise you about the charges against you in this unsealed criminal indictment that was filed on November 3, 2017 in Houston, Texas.

The style of the case is United States vs. Freddy Montes, Giovanni Alexander Alecio, Victor Javiel Gonzalez, Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, Erik Ivan Alvarez-Chavez, Grisel Salas, Jose Ruben Palomo-Martinez, Denis Amaya Caballero, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, Raul Moreno-Reyna, Jose Luis Morena, Gilberto Espinoza Garcia, Hector Reyna, Anadalit Duarte, Bianca Stephanie Reyna, Claudia Soriano-Hernandez, Jimmy Mejia Chavez, and Juan Carlos Contreras.

It is alleged that the Southwest Cholos is a criminal organization based in southwest Houston and operating throughout Texas, Mexico, and Central America.  This gang, or criminal organization, is engaged in a variety of criminal

conduct, including sex trafficking, struggling of aliens, drug trafficking, sale of illegal and stolen weapons.

The leaders of this organization allegedly are Freddy Montes, Giovanni Alexander Alecio, Maria Angelica Moreno-Reyna. And (indiscernible) is one of Angelica Moreno-Reyna's sons. Another leader and member is Erik Ivan Alvarez-Chavez, who is the husband of Ms. Moreno-Reyna. And four other sons are leaders and members: William Alberto Lopez, Walter Lopez, Eddy Alejandro Torres, and Jose Luis Moreno.

The apartment complex at Carriage Way, 6011-6023 Dashwood, is the center of operations for the criminal activities of this organization, as well as other locations in Texas and Mexico. One of the activities of this organization is prostitution and sex trafficking, the operation of brothels where girls and women work as prostitutes.

And there is a description of facts that the Government intends to prove, starting on Page 4, 5, and 6. These are facts that the Government intends to prove to show there was a sex trafficking scheme. Page 6 has facts, Page 6, 7 and 8 have facts that the Government intends to prove to show that you're engaged in human smuggling.

Count 1 of the indictment is on Page 8. It alleges that you engaged in a conspiracy to engage in sex trafficking, by means of force, threats, and fraud, between January 10, 2009 until May 5, 2017. And all of the defendants are listed in

Count 1?

MR. GOLDMAN:  No, Your Honor.  So, this matter before you, only Mr. Alvarez-Chavez and Ms. Dominguez are charged with Count 1.

THE COURT:  Very good.  And Count 2.  Count 2 alleges sex trafficking of a minor by means of force, threats, and fraud, between February 1, 2013, through May 31, 2013.  And accuses Moreno-Reyna, Gonzalez-Flores, Walter Lopez, Hector Reyna, Anadalit Duarte and Bianca Stephanie Reyna of the offense of trafficking a minor by means of force, threats, or fraud for the purposes of engaging in a commercial sex act, in violation of 18 United States Code, Section 1591(a), (b), and (c), and Section 2.

Count 3 accuses sex trafficking by means of force, threats of fraud or coercion on January 1, 2009 through December 31, 2011 against Moreno-Reyna, William Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, Raul Moreno-Reyna.

Count 4 alleges sex trafficking by means of force, threats, fraud, or coercion, between April 20, 2012, through July 18, 2013, against Freddy Montes, Moreno-Reyna, William Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Torres, and Gilberto Garcia.  And it identifies a particular individual that is alleged to be -- who is alleged to be required to engage in a commercial sex act after being recruited, enticed,

harbored, or transported for that purpose.

Count 5 alleges sex trafficking by means of force, threats, fraud, or coercion on September 1, 2012, through September 30, 2013, against Freddy Montes, Maria Angelica Moreno-Reyna, and William Alberto Lopez, and Gabriela Gonzalez-Flores. It is alleged that an individual whose initials are A.P., was recruited, enticed, harbored, or transported in reckless disregard of the fact that force, threats, fraud, or coercion were used against A.P. to engage in a commercial sex act, in violation of the United States statute.

Count 6 alleges sex trafficking by means of force, threats, fraud, or coercion beginning April 1, 2016 until May 5, 2017, in the Southern District of Texas, where allegedly all these activities took place, against Giovanni Alexander Alecio, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, Raul Moreno-Reyna, and Jose Luis Moreno. This count concerns a person whose initials are A.B.P., who was also forced to engage in a commercial sex act in violation of the United States statute.

Count 7 alleges conspiracy to conduct transportation to engage in prostitution. That conspiracy allegedly existed between January 10, 2009 until May 5 2017, in the Southern District of Texas.

The accused are Freddy Montes, Giovanni Alexander

Alecio, Melissa Dominguez, Maria Angelica Moreno-Reyna, Alberto Lopez, Israel Juarez Sifuentes, Erik Ivan Alvarez-Chavez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, Raul Moreno-Reyna, Jose Luis Moreno, and Gilbert Espinoza Garcia.  Allegedly, they made an agreement or a conspiracy to transport individuals in foreign commerce, with the intent that they engage in prostitution, in violation of 18 United States Code Section 371.

Following that, there are other acts, facts that, refers back to facts on Page 1 through 26, that will include facts the Government intends to prove to show that you participated in this conspiracy.

Count 8, transportation to engage in prostitution.  A person whose initials are M.A.V.M. allegedly was transported for the purpose of engaging in prostitution, transported in interstate and foreign commerce.  The offense occurred between January 1, 2009, through December 31, 2011.  The people accused are Moreno-Reyna, William Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Torres, Raul Moreno-Reyna.

Count 9 alleges transportation to engage in prostitution.  A person whose initials are E.M.R.  This allegedly occurred between April 20, 2012, through July 18, 2013.  The people accused of transporting E.M.R. in interstate and foreign commerce with intent that such individual engage in prostitution, are Freddy Montes, Maria Angelica Moreno-Reyna,

William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, and Gilberto Espinoza Garcia.

Count 10 alleges transportation to engage in prostitution of an individual whose initials are A.P.  This person allegedly was transported in interstate and foreign commerce, with the intent that she engage in prostitution. This occurred on or before September 1, 2012, including, ending on or about September 30, 2013.  Those accused are Freddy Montes, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores.

Count 11 alleges that Giovanni Alexander Alecio, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Torres, Raul Moreno-Reyna, and Jose Luis Moreno engaged in transportation to engage in prostitution of an individual whose initials are A.B.P. in interstate and foreign commerce, with the intent that she engage in prostitution.  This occurred between April 1, 2016 through May 5, 2017.

Count 12 also alleges to engage in prostitution, that occurred between April 12, 2017, to April 19, 2017, in the Southern District of Texas.  The individual transported in interstate commerce was B.A.S., with the intent that she engage in prostitution.  Those accused in Count 12 are Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, Erik Ivan Alvarez-Chavez.

Count 13 alleges conspiracy to entice and coerce another to travel in interstate or foreign commerce for prostitution. This conspiracy, the people involved are accused of making an agreement or a conspiracy to induce or entice and coerce others to travel in foreign commerce or interstate commerce, with the intent that those persons engage in prostitution and sexual activity for which a person could be charged with a criminal offense in violation of 18 United States Code Section 371.

This conspiracy occurred between January 1, 2009 and May 15, 2017, in the Southern District of Texas. Those accused of conspiracy in Count 13 are Freddy Montes, Giovanni Alexander Alecio, Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Erik Ivan Alvarez-Chavez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, Raul Moreno-Reyna, Jose Luis Moreno, and Gilberto Espinosa Garcia.

Count 14 alleges enticing and coercing another to travel in interstate commerce or foreign commerce for the purpose of prostitution, in violation of 18 United States Code Section 2422(a) and Section 2. That individual who was enticed or coerced to travel in foreign commerce, from Mexico to Texas, with the intent to engage in prostitution and sexual activity, was a person whose initials are M.A.V.M. This occurred between January 1, 2009 and December 31, 2011. The accused are Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela

Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, and Raul Moreno-Reyna.

Count 15 alleges enticing and coercing another to travel in foreign, interstate commerce for prostitution beginning April 20, 2012 to July 18, 2013, in the Southern District of Texas.  It's alleged that Freddy Montes, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, and Gilbert Espinoza Garcia, enticed, induced, or coerced a person whose initials are E.M.R. to travel in foreign commerce from Mexico to Texas, with the intent that E.M.R. engage in prostitution, in violation of 18 United States Code Section 2422(a) and 2.

Coung 16 alleges enticing another to travel in foreign or interstate commerce for prostitution.  This occurred on September 1, 2012, through September 30, 2013.  Allegedly Freddy Montes, Maria Angelica Moreno-Reyna and William Alberto Lopez, and Gabriela Gonzalez-Flores induced, enticed, or coerced a person whose initials are A.P., to travel from Mexico to Texas, with the intent that A.P. engage in prostitution.

Count 17 alleges enticing and coercing another to travel in interstate or foreign commerce for prostitution beginning April 1, 2016, continuing through May 5, 2017.  Those accused are Giovanni Alexander Alecio, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter

Lopez, Eddie Alejandro Torres, Jose Luis Moreno, and Raul Moreno Reyna.  They allegedly enticed or coerced or induced A.V.P. to travel from Mexico to Texas for the purpose of engaging in prostitution, in violation of the United States Statute.

Count 18 alleges conspiracy to bring in, transport, move, conceal, harbor, or shield aliens from detection between April 17, 2017, through July 24, 2017, in the Southern District of Texas.  It's alleged that you made an agreement or conspiracy to transport or move or shield from detection aliens within the United States, knowing they had entered the U.S. illegally.  This was done for the purpose of your own financial gain and also placing the lives and physical safety of the aliens in jeopardy.

It constitutes a violation of 8 United States Code 1324(a)(1)(A), et cetera.  The people accused of the conspiracy are Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, Erik Ivan Alvarez-Chavez, Grisel Salas, Jose Ruben Palomo-Martinez, Denis Amaya Caballero.  The overt acts and the manner and means of the conspiracy, the Government harkens back to Paragraphs 1 through 26 of the indictment to show you facts that they intend to prove to show that you committed this conspiracy.

Count 19 alleges transporting, moving, concealing, harboring, shielding from detection, and conspiracy to

transport, move, conceal, harbor and shield aliens from detection between April -- on or about April 19, 2017.  Those accused are Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, and Erik Ivan Alvarez-Chavez.  It is alleged that you moved or harbored aliens with in the United States and shielded them from detection for the purpose of financial gain.

Count 20 alleges also transporting, moving, concealing, or harboring aliens, in violation of 8 USC 1324(a).  This occurred on or about July 17, 2017.  Those accused in this count are Melissa Dominguez, Erik Ivan Alvarez-Chavez, Grisel Salas, and Jose Ruben Palomo-Martinez.

Count 21 also is a count -- and accusation of transporting, moving, concealing, or harboring aliens from detection for purposes of private financial gain in violation of 8 United States Code Section 1324, et cetera.  Those accused allegedly harbored or concealed or transported aliens, on or about July 24, 2017.  They are Erik Ivan Alvarez-Chavez, Denis Amaya Caballero, and Maria Angelica Moreno-Reyna.

Count 22 is another conspiracy count.  It alleges you imported, you conspired to import aliens for immoral purposes in violation of 8 United States Code Section 371.  This conspiracy existed between January 10, 2009, through May 5, 2017, in the Southern District of Texas.  Allegedly, you made an agreement or a conspiracy to import aliens for the purpose

of prostitution and held them for the purpose of prostitution and maintained, kept, or controlled the aliens in pursuance of importation for the purpose of prostitution between January 10, 2009, through May 5, 2017.

Those accused of this conspiracy are Freddy Montes, Giovanni Alexander Alecio, Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, Erik Ivan Alvarez-Chavez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Torres, Raul Moreno-Reyna, Jose Luis Moreno, and Gilberto Espinoza Garcia.  The overt acts again are the same overt acts alleged in Paragraph 1 through 26 of the indictment. That summarizes facts the Government intends to prove to show that you engaged in this conspiracy.

Count 23, importation of alien for immoral purpose, on before January 1, 2009, through December 31, 2011; Ms. Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Flores, Walter Lopez, Eddie Torres, and Raul Moreno-Reyna imported M.A.V.M., an alien, for the purpose of prostitution and held her for the purpose of prostitution, in violation of 8 U.S.C. 1328, et cetera.

Count 24 alleges importation of an alien for immoral purpose.  This was E.M.R., an alien, who was held and maintained and harbored so that alien could engage in prostitution, in violation of 8 U.S. Code, Section 1328.  This occurred on April 20, 2012, through July 18, 2013.  Those who

conducted this illegal activity are alleged to be Freddy Montes, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Alejandro Torres, and Gilbert Espinoza Garcia.

Count 25 alleges importation of an alien for immoral purpose beginning September 1, 2012, through September 30, 2013.  Those accused are Freddy Montes, Maria Angelica Moreno-Reyna, William Alberto Lopez, and Gabriela Gonzalez-Flores. Allegedly, you imported A.P., an alien, for the purpose of prostitution and knowingly held her to maintain or control, employ, and harbor her for the purpose of prostitution, in violation of 8 United States Code 1328.

Count 26 alleges importation of an alien for immoral purpose.  This was alien whose initials are A.B.P.  This person was imported and maintained for the purpose of prostitution, in violation of 8 U.S. Code Section 1328, et cetera, between April 1, 2016 through May 5, 2017, in the Southern District of Texas. Those who allegedly committed this behavior are Giovanni Alexander Alecio, Maria Angelica Moreno-Reyna, William Alberto Lopez, Gabriela Gonzalez-Flores, Walter Lopez, Eddie Torres, Luis Moreno, Raul Moreno-Reyna.

Count 27 accuses Melissa Dominguez, Maria Angelica Moreno-Reyna, William Alberto Lopez, Israel Juarez Sifuentes, and Erik Ivan Alvarez-Chavez of importation of an alien for immoral purpose, between April 12, 2017 through April 19, 2017,

in the Southern District of Texas.  This person is known by the initials B.A.S, who is an alien who was imported into the United States and maintained in the United States for the purpose of prostitution in violation of 8 United States Code, Section 1328, et cetera.

Count 28, possession with intent to distribute heroin.  On or about September 12, 2016, Freddy Montes allegedly possessed with intent to distribute heroin, a Schedule 1 narcotic controlled substance, in the Southern District of Texas.

Count 29 alleges Freddy Montes possessed with intent to distribute 50 grams of methamphetamine, on or about December 5, 2016.

Count 30 alleges illegal dealing in firearms. Giovanni Alexander Alecio and Victor Javiel Gonzalez are accused of, and aided and abetted by others not licensed dealers with engaging in the business of dealing in firearms, on or about October 7, 2016, in the Southern District of Texas.

Count 31 accuses Victor Javiel Gonzalez of being a convicted felon in possession of a firearm in the Southern District of Texas on or about October 7, 2016.  The firearms are listed on Page 34 and 35.

Count 32, illegal reentry.  Claudia Soriano-Hernandez is accused of illegally reentering the United States, on or about September 7, 2017.  Having previously been deported, she

entered without obtaining permission.

Count 33 alleges illegal reentry by Jimmy Mejia Chavez on or about September 7, 2017.  He had previously been deported and did not obtain permission to reenter.

Count 34, illegal reentry, on or about September 7, 2017, is accused against Juan Carlos Contrera Cervantes.

Count 35, false statement in immigration document. Erik Ivan Alvarez-Chavez, on or about July 19, 2013, made a false statement under oath in a Form I-821, an application for temporary protected status, by stating his name was Jorge Oviedo Hernandez.  That was the only other name he had other used.  Another name he had ever used was Jorge O. Hernandez-Rosales.  Allegedly, he was claiming to be a citizen, native of El Salvador, and gave a birth date of September 15, 1975 in El Salvador, which statements had no reasonable basis in fact.

Allegedly Erik Ivan Alvarez-Chavez made a false statement in an immigration document also.  This is Count 36. This statement was on March 3, 2015, in a Form I-821, application for temporary protective status.  He allegedly said his name was Jorge Ovidio Hernandez, and had also used the name Jorge Oviedo Hernandez-Rosales, claimed to be a native of El Salvador, and gave a birthdate for El Salvador; claimed he had never been convicted of any acts that constituted a crime other than a purely political offense; allegedly never engaged in unlawful activity in the United States and never made a willful

misrepresentation of fact.  This is alleging a violation of 18 United States Code Section 1546(a).

Count 37, aggravated identity theft.  Allegedly, Erik Ivan Alvarez-Chavez committed aggravated identity theft on or about July 19, 2013, by using the identification of another person, the name, date, place of birth, birth certificate of J.O.H., during and relation to a violation of 18 United States Code, Section 1546, false statement in an immigration document.

The Government, on Page 38, puts all of you on notice that it intends to take away any ownership interest of any property, of any firearms, or also property that may constitute proceeds of the offense or property, real or personal, that was used in the commission of any of these offenses.  There are several forfeiture counts listing different people.

If you own vehicles, vessels, aircraft, cash, bank accounts, stocks or bonds; any property that was used in the commission of the offense, such a house where people may have been kept or stored, or a vehicle that was used to convey them, or any guns that were used to guard them, or guns that were used to be sold, or any property that was earned in this illegal activity that I just read about, anything the Government can show was probably used, or probably the proceeds of the offense; the Government is putting you on notice, it intends to take away any ownership you may have in that property, including but not limited to guns listed on Page 44;

a black Chevy Trailblazer, a Dodge Ram pickup, gray in color; or real estate, white trailer, a blue Peterbilt Motors tractor. And that is just an example of the property they may seek to take away from you.

Also, can you summarize the possible punishment for each of the counts I just explained.

MR. GOLDMAN:  Yes, Your Honor.  For Count 1, which applies to defendants Erik Ivan Alvarez-Chavez and Ms. Dominguez, a sentence of years imprisonment to life imprisonment, a fine of up to $250,000, up to five years of supervised release, and a $5,100 special assessment fee.

For Count 7, which again, applies to Mr. Alvarez-Chavez and Ms. Dominguez, there is a term of imprisonment of up to five years, a special fine of up to $250,000, three years of supervised release, and a $100 special assessment.

For Count 12, it is a sentence of up to 10 years imprisonment, a fine of up to $250,000, three years of supervised release, and a $5,100 special assessment fee.

For Count 13, it is a term of imprisonment of up to five years, a fine of up to $250,000, a supervised release term of up to three years, and a $100 special assessment.

For Counts 18, 19, 20, 21, it is a term of imprisonment of up to 10 years, a fine of up to $250,000, three years of supervised release, and a $5,100 special assessment fee.

Also for Count 12 is a $5,100 special assessment fee.

For Count 22, it is a term of imprisonment of up to five years, a fine of up to $250,000, a term of supervised release of up to three years, and a $100 special assessment fee.

For Count 27, it is a term of imprisonment of up to 10 years, a fine of up to $250,000, three years of supervised release, and a $100 special assessment fee.

For Counts 35 and 36, they are both 10 years of imprisonment, fines of up to $250,000, three years of supervised release, and $100 special assessment fee.

And for Count 37, it is a mandatory consecutive term of imprisonment of two years.

And Counts 1, 7, 12, 13, 18, 19, 20, 21, 22, 27, 35, 36, and 37 all apply to Mr. Alvarez-Chavez.  Counts 18 and 21 apply to Mr. Amaya Caballero.

And Counts 1, 7, 12, 13, 18, 19, 20, 22, and 27 all apply to Ms. Dominguez.

THE COURT:  All right.  Are you moving to detain any of these defendants?

MR. GOLDMAN:  I move to detain all of the defendants, Your Honor.  Both Mr. Alvarez-Chavez and Ms. Dominguez are presumption cases.  Also, Mr. Alvarez-Chavez and Mr. Amaya Caballero both have ICE retainers lodged against them, and they both also have previous detention orders from the prior case.

THE COURT:  We can set a bail hearing and an arraignment later this week.  I'm going to appoint a lawyer for Mr. Alvarez Chavez who can participate in such a hearing for him.  But as far as Mr. Caballero and Ms. Dominguez, they have lawyers who have schedules already.  So, I was wondering what day you would be available to have a bail hearing and an arraignment for your clients.  Are you available this week?

MR. JACOBS:  If I can go first, 2:00 on -- or after 2:00 on Friday would be just great.

MR. CONNORS:  Thursday at 10:00, Your Honor?

THE COURT:  You'll have to be the same day.

MR. GOLDMAN:  That same day?

THE COURT:  Yes.

CLERK:  (indiscernible).

THE COURT:  I will, yeah.  Thursday or Friday?  What's your problem on Thursday?

MR. CONNORS:  Got a (indiscernible) 1:00 on Thursday, and if you're not here we're going to arrest you kind of thing.

THE COURT:  All right.  Well, what if we started at 9:30 on Thursday.

MR. CONNORS:  I'm in McAllen, Your Honor.

THE COURT:  There's no way you can come here on Thursday.  Okay.  How about Friday morning at 10:00?  You can't get here by then either, huh?  You're going to be traveling on Friday from McAllen?

MR. CONNORS:  I was here this morning at 8:40, Your Honor, in your courtroom, I think.

THE COURT:  Yeah?  So, we could do it Friday morning, perhaps.

MR. CONNORS:  I was hoping to visit with the Government that morning with some --

MR. GOLDMAN:  We were hoping that too, Your Honor.

MR. CONNORS:  And then they might have a recommendation --

THE COURT:  We could do it the following week, but that would have to be on the defendant's motion.  That would be more than three days from now.  I could grant such a motion if it was requested by the defendants.

MR. CONNORS:  If necessary, we'll make that motion for Ms. Dominguez, Your Honor.

MR. GOLDMAN:  I would not object, Your Honor.

THE COURT:  Okay.  Well, how does next week look for you guys?  Do you think you'll be in the case then?

MR. JACOBS:  No.  I doubt we will be, Judge.

THE COURT:  He's going to have his court appointed lawyer for that.

MR. JACOBS:  He needs a court appointed lawyer.

THE COURT:  We'll get a Spanish-speaking one.

MR. JACOBS:  Right.

THE COURT:  But that's the last thing we're going to

do in this hearing.

MR. CONNORS:  Judge, I'm free all week.  I think that's Thanksgiving, I believe, but I'm free all week.

THE COURT:  Let's do it early in the week.

MR. GOLDMAN:  Monday, Tuesday I'm good, Your Honor.

THE COURT:  Let's just say Monday at 2:00.  Monday at 2:00.  That will be Monday, for all three of you.  You will have a bail hearing and a arraignment on Monday, the 20th of November at 2:00.  Okay?

Now, I need to talk to Mr. Alvarez-Chavez about getting him a lawyer to help him at that hearing.

MR. CONNORS:  May I give my client a card (indiscernible) have my number?

THE COURT:  Yes.  Will you give one to us too.

MR. CONNORS:  I think I already did.

THE COURT:  All right, good.

MR. CONNORS:  Thank you, Judge.

THE COURT:  Anything else for those two defendants?  No.

MR. CONNORS:  Negative.

THE COURT:  You are going to come back next Monday.  All right, we'll see you then.

MR. CONNORS:  Two in the afternoon with you, and earlier with my friend over there.

THE COURT:  Good.  And do you have a copy of the

indictment?  Does everyone have a copy?

MR. CONNORS:  Yes, we do, Your Honor.

THE COURT:  All four of you?  Okay, good.  We'll see you -- you'll be temporarily detained in the custody of the Attorney General until your hearing on Monday the 20th.  Even though you'll be in custody, you still have the right to counsel privately with your lawyer to prepare for the hearing.  Also, I remind you not to discuss this case with anybody other than your lawyer.  All right.

MR. CONNORS:  Pretrial services officer will be meeting with some of the defendants, Your Honor?

THE COURT:  I think, I hope they can do that today in the courthouse.  That would be convenient for you.  Okay.  And where will the defendants be housed?

U.S. MARSHAL:  These two men are already at --

THE COURT:  Joe Corley?

U.S. MARSHAL:  -- Joe Corley, yes.

THE COURT:  And how about Ms. Dominguez?

U.S. MARSHAL:  It's probably going to be FDC.

THE COURT:  Federal Detention Center.

MR. CONNORS:  Here in Houston?

THE COURT:  Downtown Houston.

MR. CONNORS:  I've been there once.

THE COURT:  It's easier to get to than Joe Corley.  All right.  You are all excused except for Mr. Alvarez-Chavez.

I would like to have a seat at the counsel table and fill out your financial affidavit.  He already filled one out?

U.S. MARSHAL:  I left it on the desk.

THE COURT:  Official court interpreter helped you fill out a financial affidavit, which I'm holding up now.  And I see that you signed it, sir.  Will you raise your right hand and swear to the facts in the financial affidavit, please?

CLERK:  Do you acknowledge that the information in the financial affidavit is true and correct to the best of your knowledge and belief?

MR. ALVAREZ-CHAVEZ:  Yes.

THE COURT:  Very well.  I do find that you're financially eligible for a court appointed attorney and I will find a Spanish-speaking lawyer to represent you at your hearing on Monday.  But I think we should have a counsel determination hearing this week, to make sure that you can have a lawyer that you can communicate with, that can also help you on Monday.  So, Beverly, what day should we have that counsel determination?  Should we give a couple of days for a lawyer to be found?

CLERK:  Wednesday at 10:00 a.m.

THE COURT:  Wednesday at 10:00 a.m. you'll come back to Court so we can make sure you have a lawyer assigned to you.  And then the hearing on Monday will be about bail and you will also enter a not guilty plea to the charges against you with

the help of your lawyer.

In the meantime, if you are able to hire these lawyers that you had on the other case, it's acceptable for you to hire them and they can substitute in place for your court appointed lawyer as long as it does not interfere with the setting of the case, you know, with the progress of the case. So, at an early stage in the case, it's preferable if you make arrangements to hire a lawyer. If not, the lawyer that I assign to you will be a lawyer who is well versed in these sorts of criminal federal cases.

I may have to try really hard to get on a list. The list is reviewed every year by Judge Hoyt and he obtains comments from us, all the judges, to see if these lawyers should belong on the list, and they're lawyers who are well versed in these cases. So, if you end up with a court appointed lawyer, you should not feel -- you should have confidence that lawyer. All right, so, this hearing is adjourned for now. Thank you for appearing, the hearing is adjourned.

(Hearing adjourned at 11:00 AM)

* * * * *

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Sonya M. Ledanski Hyde*

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  October 23, 2025