IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

USA                                    §    CASE NO. 4:17-cr-651-18
                                       §    HOUSTON, TX
VERSUS                                 §    THURSDAY,
                                       §    NOVEMBER 9, 2017
MONTES et al                           §    2:15 to 3:02 PM

COUNSEL DETERMINATION HEARING

BEFORE THE HONORABLE NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

    FOR THE PARTIES:                 SEE NEXT PAGE

    ELECTRONIC RECORDING OFFICER: SUZANNE GUEVARA

    COURT CLERK:                    SHANNON JONES

TRANSCRIPTION SERVICE BY:

Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396 ▼ www.veritext.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

FOR THE PLAINTIFF:           DEPARTMENT OF JUSTICE
                             UNITED STATES ATTORNEY FOR THE
                             SOUTHERN DISTRICT OF TEXAS
                             Adam Goldman
                             1000 Louisiana Street
                             27th Floor
                             Houston, Texas 77208
                             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


FOR GABRIELA GONZALEZ-FLORES: MONTALVO LAW FIRM
                             Gerry Montalvo
                             1111 N. Loop W, Ste 820
                             Houston, TX 77008
                             713-526-5002

FOR VICTOR JAVIEL GONZALEZ:   ANDERSON & CUNNINGHAM
                             David Cunningham
                             1221 Lamar Street Ste 1115
                             Houston, TX 77010
                             713-655-8400

FOR JIMMY MEJIA CHAVEZ:       LAW OFFICE OF JOSEPH A SALINAS
                             Joe Salinas
                             P.O. Box 941442
                             Houston, TX 77094
                             713-227-7700

FOR GIOVANI ALEXANDER ALECIO: LAW OFFICE OF STEPHEN EDWARD
                             RANDALL
                             Stephen Randall
                             440 Louisiana Street, Ste 900
                             Houston, TX 77002
                             713-275-2179

FOR GILBERT ESPINOZA GARCIA:  FOREMAN DEGEURIN & DEGEURIN
                             Mike DeGeurin
                             300 Main Street, Ste 300
                             Houston, TX 77002
                             713-655-9000

FOR GRISEL SALAS:             Maryam Khan

HOUSTON, TEXAS; THURSDAY, NOVEMBER 9, 2017; 2:15 P.M.

THE COURT:  Let me call for counsel determination, United States v. Maria Angelica Moreno-Reyna.  No one's standing up?

CLERK:  She's coming, Your Honor.

THE COURT:  Ma'am, have you hired a lawyer?

MS. MORENO-REYNA:  I spoke with him, but they didn't allow him to see me.

THE COURT:  So, where are we?

MS. MORENO-REYNA:  If you could give me a chance to talk to him and I get -- I don't know, if we could have another court date so that I have a chance to hire him.

THE COURT:  All right.  And who are you trying to contact?  All right.  So, I will let you have a phone call upstairs to Mr. Landers.  So, Marshal, give her a phone call. And tomorrow is a holiday, so Judge Stacy will see you Monday at 10:00 for counsel determination.  All right.

MS. MORENO-REYNA:  Thank you.

THE COURT:  Then you may have a seat.  Next, let me call Eddie Alejandro Torres.  Mr. Torres, come on up.  Sir, what are you doing with respect to counsel?

MR. TORRES:  Just regarding the name of the counsel that I want to represent me.  His name is Gerardo Montalvo. And I just need a phone call so I can get in touch with him.

THE COURT:  Mr. Montalvo is already conflicted on

this case.

MR. MONTALVO:  Your Honor, I wasn't aware -- I did speak to a family -- another codefendant, actually two of them -- but I haven't spoken to any other defendant .

THE COURT:  Okay.

MR. MONTALVO:  So, I have --

THE COURT:  I've appointed him to represent someone else, so he's conflicted out.

MR. TORRES:  Are they the same papers?

THE COURT:  Yes.

MR. MONTALVO:  What's your name?

MR. TORRES:  Eddie Torres.

MR. MONTALVO:  I don't know if spoke to his family or not.

THE COURT:  All right.  But you haven't spoken with Mr. Torres.

MR. MONTALVO:  I have not spoken with Mr. Torres, Your Honor, but any other defendant --

THE COURT:  Okay, just your client.

MR. MONTALVO:  That's correct.

THE COURT:  Okay.  Mr. Montalvo is conflicted out, so you'll need to find another name.

MR. TORRES:  Can I get another court thing so I can find someone else?

THE COURT:  I can reset you for Monday --

MR. TORRES: Monday?

THE COURT: -- before Judge Stacy at 10:00.

MR. TORRES: Okay.

THE COURT: And do you have an idea who you'd like to call while you're still in the building?

MR. TORRES: Kaper. How do you spell her name?

THE COURT: Not --

MR. TORRES: Kaper?

THE COURT: Who? Kaper?

MR. TORRES: Okay. I need to go and --

MR. GOLDMAN: Your Honor, I believe it's Ashley Kaper. She works for the Public Defender.

THE COURT: Ashley Kaper --

MR. TORRES: Kaper.

THE COURT: -- is conflicted out. She works for the public defender.

MR. TORRES: Okay. Well, then I have to find someone else.

THE COURT: All right. So I'll see you back on Monday --

MR. TORRES: All right.

THE COURT: -- and you can talk to Judge Stacy.

MR. TORRES: All right. Thank you.

THE COURT: All right. Have a seat. Next, let me call Jose Luis Moreno. Mr. Moreno, good afternoon.

MR. MORENO:  Good afternoon.

THE COURT:  What are you doing about counsel?

MR. MORENO:  I need a court appointed lawyer too.

THE COURT:  All right.  Have you filled out a financial affidavit?

MR. MORENO:  I don't think so.

THE COURT:  All right.  You need to do that, because I must find that you are financially unable to hire your own attorney.  So let's get you a financial affidavit.  You can have a seat, and I'll recall you.

And let me talk to Hector Reyna.  Mr. Reyna, come on up.

MR. REYNA:  How are you doing, ma'am?

THE COURT:  How are you?

MR. REYNA:  I'm good.

THE COURT:  Tell me what you're doing about hiring counsel.

MR. REYNA:  When I -- speaking to my family, they couldn't hire a lawyer, so I'm trying to see if I can get a court appointed lawyer.

THE COURT:  All right.  So, as I told Mr. Moreno, you need to fill out a financial affidavit.  So we'll get you a form, and you can fill that out.

MR. REYNA:  Yes, ma'am.

THE COURT:  Okay.  Now, I've got a number of you for

detention and arraignment.  Is anyone seeking a continuance? Everyone's standing up.  Mr. Cunningham?

MR. CUNNINGHAM:  Judge, I represent Defendant 3, Victor Javiel Gonzalez.  We're ready to be arraigned but we're not ready for a detention hearing.

THE COURT:  Okay.  Who else wants a continuance?

MR. SALINAS:  Joe Salinas, for Mr. Chavez, Your Honor.  He's Defendant Number 22.  We're ready for arraignment. However, (indiscernible) the defendant asserting -- I believe we'd be waiving (indiscernible).

THE COURT:  Okay.  Mr. DeGeurin?

MR. DEGEURIN:  Judge, I was called on Gilbert Garcia, Number 17.  And we would also be asking for some time to get ready for a detention hearing, if one is necessary.

THE COURT:  Can you do the arraignment today?  Or do you want to --

MR. DEGEURIN:  I could.  I mean, I --

THE COURT:  I don't care.

MR. DEGEURIN:  I don't think -- I think it would be better to do it -- I haven't read everything --

THE COURT:  Okay.

MR. DEGEURIN:  -- just read the charges --

THE COURT:  All right.

MR. DEGEURIN:  -- that pertain to him.

MR. RANDALL:  Your Honor, Stephen Randall, for

Giovani Alecio.  Also need time to prepare for a detention hearing.  Also have only given a broad reading of the indictment --

THE COURT:  Okay.

MR. RANDALL:  -- (indiscernible).

THE COURT:  Ms. Kahn?

MS. KAHN:  Yes, Your Honor.  For Grisel Salas, Your Honor, Number 9.  And we would ask for time to prepare for the possible detention hearing and the arraignment.  Again, we've just discussed it broadly.

THE COURT:  Okay.  So the only people that are prepared to go forward with the arraignment, Mr. Cunningham and Mr. Salinas's clients.

MR. CUNNINGHAM:  That's correct.

MR. MONTALVO:  Your Honor, one more.

THE COURT:  Oh, Mr. Montalvo.

MR. MONTALVO:  I represent Gabriella Gonzalez-Flores. We waive (indiscernible) we're prepared to go forward on the arraignment.

THE COURT:  Arraignment?  All right.  Well, then, Ms. Gonzalez-Flores, come on up.  Shannon, do we have a scheduling order yet?

CLERK:  I'm going to have to find it.  Not in that file.

THE COURT:  I don't have it.

CLERK:  (indiscernible).

THE COURT:  All right.  Ms. Gonzalez-Flores, you're here for your arraignment, where you are asked to enter a formal plea of guilty or not guilty to this indictment.  Have you had enough time to review the indictment with your lawyer and are you ready to enter your plea?

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  Mr. Montalvo, do you wish to waive formal reading?

MR. MONTALVO:  We'll waive (indiscernible).

THE COURT:  Then, Ms. Gonzalez-Flores, to the charges, how do you plead?  Guilty or not guilty?

MS. GONZALEZ-FLORES:  Not guilty.

THE COURT:  A not guilty plea will be entered.  And turning to the issue of detention, I understand you wish to waive a hearing.

MS. MONTALVO:  Your Honor, I had a discussed with Ms. Gonzalez-Flores her right to a bail hearing.  I believe there's an ICE (indiscernible) she may have (indiscernible).  So she's prepared to waive as well.

THE COURT:  Ms. Gonzalez-Flores, with your legal status, bond is not really a possibility.  So, let's get a waiver form.

MS. GONZALEZ-FLORES:  Yes.

THE COURT:  You got one?  Okay, good.

CLERK:  She is number 12.

THE COURT:  She's Number 12.

(Court and clerk conferring.)

THE COURT:  I will sign this one.  Mr. Goldman?

MR. GOLDMAN:  Yes?

THE COURT:  What is your estimated time for trial?  Hold on.

MR. GOLDMAN:  Two weeks (indiscernible).

THE COURT:  Two weeks?

MR. GOLDMAN:  Okay.  All right.

THE COURT:  Yeah.  All right.  She is Number 12.

All right.  So, that concludes your appearances up through arraignment.  Do you have any questions about anything we've talked about?

MR. MONTALVO:  Can we get a copy of (indiscernible)?

THE COURT:  Yes.  Shannon should give a copy.  You can just give him the front page.  All right.  All right, ma'am.  If there's nothing further, you may have a seat.

MS. GONZALEZ-FLORES:  Thank you.

THE COURT:  So, let me next call for arraignment United States vs. Jimmy Mejia-Chavez and Victor Javiel Gonzalez.  All right.  You're both here for your arraignment and you are asked to enter a formal plea of guilty or not guilty to the charges.  We went over the charges yesterday.  Does anyone have any question and you need me to refresh your

recollection on what you're charged with and what the penalty is?

MR. CHAVEZ:  No.

MR. SALINAS:  No.

THE COURT:  All right.  Then, counsel, do you wish to waive formal reading of the indictment?  Mr. Salinas?

MR. SALINAS:  Yes, Your Honor.

THE COURT:  Mr. Cunningham?

MR. CUNNINGHAM:  Yes, Your Honor. .

THE COURT:  Then, we'll start with you, Mr. Chavez, to the indictment, how do you plead?  Guilty or not guilty?

MR. CHAVEZ:  Not guilty.

THE COURT:  Same question to you, Mr. Gonzalez.

MR. GONZALEZ:  Not guilty.

THE COURT:  A not guilty plea will be entered for both.  And I'll need you to sign the scheduling order.  Sign the original, and Mr. Goldman, we'll put you in charge of handing out the front page.  Don't screw it up.

MR. GOLDMAN:  I'll do my best, Your Honor.

THE COURT:  All right.  That takes care of your arraignment.  We'll see -- you'll be back here in court on Monday for your detention hearing.

MR. SALINAS:  Your Honor --

THE COURT:  Unless -- what do you want?  I mean, can -- you need more time?

MR. SALINAS:  My client's got an ICE detainer, so already talked to him, so I believe that he would waive the (indiscernible).

THE COURT:  You want to waive detention?  All right. Is that correct, Mr. Chavez?

MR CHAVEZ:  Yes.

THE COURT:  Okay.  So, when are we resetting the detention hearing?

MR. CUNNINGHAM:  For what it's worth, Judge, I've been talking to the other lawyers that are on (indiscernible) and we were talking about Monday afternoon (indiscernible). (indiscernible).

THE COURT:  It's Judge Stacy.  I don't care.

MR. CUNNINGHAM:  Judge Stacy (indiscernible).  That'd be fine, Your Honor.

THE COURT:  That works?  Okay, good.

All right.  So, talking to you, Mr. Chavez, based on your waiver of the detention hearing and the allegation you are not -- you have no legal status in the United States, the Court finds that you must be detained, and I will enter an order to that effect after court.

And then Mr. Gonzalez, Judge Stacy will see you Monday afternoon.  All right.  Have a seat.

Now, as to the rest of you, that would be Mr. Randall, Ms. Kahn, and Mr. DeGeurin.  Does Monday afternoon

work for you for the detention hearing?

MS. KHAN:  Yes, Your Honor.

MR. RANDALL:  Yes.

THE COURT:  Okay.

MR. DEGEURIN:  Yes, Your Honor.  Yes, Your Honor. I'm working on trying to figure out the medical information about Mr. Garcia.  I'm working on (indiscernible) doctor.  What I'm concerned about is he's very concerned that there needs to be addressed.  He's here today, therefore, he couldn't meet with the doctor.  Tomorrow morning would be the first time he'd probably be able to meet with the doctor at Joe Corley.

I don't know -- I was going to suggest that we come back tomorrow and make sure that --

THE COURT:  Tomorrow's a holiday.

MR. DEGEURIN:  (indiscernible) holiday tomorrow.

THE COURT:  We're not here.

MR. DEGEURIN:  Do you want to come anyway and we --

THE COURT:  I'll be here.  I'll be here, but the marshals won't.

MR. DEGEURIN:  No, I get it.  I forgot that it was a holiday.  So I guess it'll have to be Monday (indiscernible). My -- I'm going to do the best I can right now to get the marshal to get his medication from the doctor.  I'm going to do that.

THE COURT:  Well, we talked about this yesterday, and

wasn't he the one that I said he needed to be rushed to the clinic?

U.S. MARSHAL: Your Honor, he did go see the medical staff last night. He was even held in the medical infirmary all night. He was monitored. His blood pressure normal. His -- they pricked his finger. It was high enough deputy (indiscernible).

MR. DEGEURIN: Apparently they're aware. And they're taking steps to take care of him. He hadn't gotten his medication yet because he hasn't seen a doctor yet. Because he --

THE COURT: Is he --

MR. DEGEURIN: He's here. So, I mean, it's --

THE COURT: It's a problem, yeah.

MR. DEGEURIN: I'm working at it as quick as I can to get that information from the marshals so that they can maybe go back to Joe Corley. (indiscernible) release form brought to me so I can have him sign --

THE COURT: Okay.

MR. DEGEURIN: I'm doing that right now. He takes a daily injection, but he's not able to tell me the actual spelling of the medication he's taking. There's some other issues going on, too, as far as just his inability for him to tell me exactly what he's taking. So I'm going to get a release from both his pharmacy and also for his medical doctor.

He doesn't remember the first name of his doctor, but it's a UT physician at a specific base with a unique name.  So I should be able to figure that out.

So I'm going to do the best I can while I'm sitting here today with the release form --

THE COURT:  Okay.

MR. DEGEURIN:  -- to get that done.  Monday is (indiscernible) we're not ready for a detention hearing today, and Monday will be the next time.  And hopefully, I can convince the opposing counsel, there is a recommendation of a bond in pretrial.  So I'm going to keep working on him.  He said no, but that doesn't mean no (indiscernible).

THE COURT:  He's a junkyard dog.  Look at him.

MR. DEGEURIN:  I'm going (indiscernible).  I'm going to ask that -- another separate (indiscernible) is the issues about where they're being taken and stuff like that, but I'm going to ask to leave them here long enough for me to try to get that issue --

THE COURT:  You mean in the building today?

MR. DEGEURIN:  In the building right now.  But, I mean, he's got to go back to Joe Corley.  I don't know how quickly they're going to put him on the chain back, but -- if you all have other -- I don't know if you all have another detention hearing.  Anyway, I'm working on it.  I'm going to try it as quickly as I can.

THE COURT:  Okay.

MR. DEGEURIN:  And we'll be here Monday, I guess. The question I don't know, is will they -- will the medical doctor to go see him there, tomorrow --

U.S. MARSHAL:  (indiscernible) correct.

MR. DEGEURIN:  (indiscernible)

U.S. MARSHAL STEIN:  Yes.  I spoke to the Health Service (indiscernible) and she said he would see the doctor tomorrow morning.  If he can tell us the exact medication and exact amount of dosage, then they can call it in tonight.  But since he doesn't know that, they can't -- they're not willing to risk it.

MR. DEGEURIN:  Like I said, we can work on it together.  We're not opposed to each other.

THE COURT:  And he can't guess on what it is?

MR. DEGEURIN:  Because (indiscernible) pronunciation, but it's --

THE COURT:  Well, I know, but, I mean, I Google everything.

MR. DEGEURIN:  And that's -- and I'm working on it right now.

MR. RANDALL:  We're working together.  The marshal and I are working together to make sure --

THE COURT:  Mr. Randall, the JDD, doctor.

MR. RANDALL:  Those doctors, that is a long word.

THE COURT:  I watch television.  I know what's going on.

MR. GOLDMAN:  Your Honor, perhaps I can just ask the agents if they possibly know anything from the time of arrest.

THE COURT:  Okay, I mean --

MR. GOLDMAN:  If you don't mind, just one second?

THE COURT:  Sure.

MR. DEGEURIN:  Your Honor, could I ask about a more pedestrian matter?  What time on Monday?

THE COURT:  2:00?  I think we said after noon, 2:00.

CLERK:  (indiscernible).

MR. GOLDMAN:  Your Honor, it was suggested that they believe the spouse knows the medication.

MR. DEGEURIN:  The spouse has got brain damage and is on disability.

THE COURT:  Okay.

MR. DEGEURIN:  There has been some -- there is a person that they did -- the pre-trial spoke to.

THE COURT:  Mm hmm.

MR. DEGEURIN:  His nephew.  I just got the number a few minutes ago.  (indiscernible).

THE COURT:  Okay.

MR. DEGEURIN:  We're working on that.

THE COURT:  Okay.

MR. DEGEURIN:  That's the best I can tell you is I'm

trying to get it done with the help of the marshals.

THE COURT:  Okay.

MR. DEGEURIN:  I'm just asking you don't send him back until you have to today so I can -- if I have to get other things signed.

THE COURT:  All right.  Good.  We'll try to do that.

All right.  Now, in -- I do want to go back and see Mr. Moreno.  Mr. Moreno, come on up.  Mr. Moreno, you indicate that you are not employed.  When is the last time you earned any money, even if it was on a part-time or sporadic basis?

MR. MORENO:  Is was probably about a year ago.

THE COURT:  A year ago?  You've earned nothing in the last year, not even a little here, a little there, doing odd jobs.

MR. MORENO:  (indiscernible).

THE COURT:  Do you have any money in a bank account?

MR. MORENO:  No, ma'am.

THE COURT:  Do you have any money at home, in a wallet, held by a friend?  Nothing?

MR. MORENO:  (indiscernible).

THE COURT:  How much money did you have on your person at the time of your arrest?

MR. MORENO:  I had $560.

THE COURT:  Five hundred and sixty dollars?

MR. MORENO:  It's on the statement.

THE COURT:  You don't own any transportation, no car, van, or truck?

MR. MORENO:  Own, like paid off?

THE COURT:  No, like you are paying on it and you have access to it.  You have an ownership interest in it.

MR. MORENO:  My truck.

THE COURT:  Okay.  So tell me about your truck.

MR. MORENO:  (indiscernible) but (indiscernible) on it.

THE COURT:  And so, did you buy it new?

MR. MORENO:  No, salvage.

THE COURT:  Okay.  So what did you pay for it?

MR. MORENO:  (indiscernible) it was like 28 or something like that.

THE COURT:  Twenty-eight thousand?  And how much do you owe?

MR. MORENO:  (indiscernible).

THE COURT:  When did you purchase it?

MR. MORENO:  In September.

THE COURT:  Just two months ago?  Yes?

MR. MORENO:  No, I think it was last year.

THE COURT:  And what's your car payment?

MR. MORENO:  (indiscernible).

THE COURT:  Do you have any other asset that you're paying on?

MR. MORENO:  No, ma'am.

THE COURT:  Just the truck?

MR. MORENO:  Yes, ma'am.

THE COURT:  And any other recurring monthly expenses? Do you have a phone?

MR. MORENO:  No.

THE COURT:  Do you pay for car insurance?

MR. MORENO:  (indiscernible).

THE COURT:  No?  Someone else pays that for you?

MR. MORENO:  My mom used to pay my insurance.

THE COURT:  Excuse me?

MR. MORENO:  My mom used to pay my insurance.

THE COURT:  And she's still doing that?

MR. MORENO:  Yes, ma'am.

THE COURT:  And did you live at home?

MR. MORENO:  With her.

THE COURT:  Okay.  And are you current on your car payment?

MR. MORENO:  Yes, ma'am.

THE COURT:  All right, sir.  I find that you are financially unable to hire an attorney and will appoint someone from the Criminal Justice Act list.  And we will have that hearing Monday at 2:00.

MR. MORENO:  Thank you, ma'am.

THE COURT:  All right.  You may have a seat.  And Mr.

Reyna, come on up.  All right, Mr. Reyna.  You indicate that you are presently on disability.  Do you have any cash on hand, either at home, in a wallet, in a bank account?

MR. REYNA:  No.

THE COURT:  Nothing?

MR. REYNA:  Nothing.

THE COURT:  At the time of your arrest, how much money did you have on your person?

MR. REYNA:  A hundred dollars.

THE COURT:  Excuse me?

MR. REYNA:  A hundred dollars.

THE COURT:  A hundred dollars?

MR. REYNA:  Yes, ma'am.

THE COURT:  And do you own any assets, such as a truck?  Are you buying a truck or a car or something like that?

MR. REYNA:  No, ma'am.

THE COURT:  Nothing?  Do you have any recurring monthly expenses, like rent, food?

MR. REYNA:  Well I have to give my check to help my mom pay the rent.

THE COURT:  Okay.  So you give your money and your mother pays the expenses.

MR. REYNA:  For the rent (indiscernible).

THE COURT:  All right.  And do you have any recurring monthly expenses that you pay other than --

MR. REYNA:  No, nothing (indiscernible).  My sister pays my phone bill.

THE COURT:  All right, sir.  I find that you are financially unable to hire an attorney, and we'll appoint counsel to represent you.  Your detention hearing will be Monday at 2:00.

MR. REYNA:  Okay.

THE COURT:  Do you have any questions?

MR. REYNA:  No.  Thank you.

THE COURT:  All right.  Judge Stacy will see you then.  All right.  Anything else?

MR. RANDALL:  Has the Court issued a scheduling order already?

THE COURT:  Yes, the Court has issued a scheduling order.  We will give you a preview of that, if you want.

MR. RANDALL:  Thank you.  Nothing further from me.

THE COURT:  You want to -- Shannon, you want to give a copy?  He can just see what it is.

MS. KHAN:  (indiscernible).

MR. RANDALL:  Your Honor --

THE COURT:  All right.  Well, we'll give you one too, Ms. Khan.  Yeah, I mean, there are no secrets.

MR. DEGEURIN:  Judge, perhaps if we can have Mr. Gilbert Garcia sworn in and maybe your clerk can sign where there needs to be an affidavit.  It's usually a notary.

THE COURT:  Yeah, she's not a notary, but --

MR. DEGEURIN:  But at least we can take the Clerk of the Court.  I mean, something that he's sworn to the statement so that I can get -- I mean, the problem is, otherwise I --

THE COURT:  We can do that, or -- who's a notary, Shannon?

CLERK:  -- Jantowski.  Cindy is.  Cindy Jantowski.

THE COURT:  Cindy Jantowski.  Mary --

MR. DEGEURIN:  (indiscernible).

THE COURT:  And I think -- I'm not sure if Bea -- Judge Lake's is still a notary.

CLERK:  I think she is, Judge.

THE COURT:  She might be?

MR. DEGEURIN:  Well, we'll check --

CLERK:  Alice --

THE COURT:  Alice is?  Over here in Judge Stacy.  So, I mean, there's some possibilities where you could have a real, you know --

MR. DEGEURIN:  I mean, if I can I'll go (indiscernible).  If we can hold up here for a second --

THE COURT:  Yeah, we're not doing -- we're not going anywhere.

CLERK:  Want me to check?

MR. DEGEURIN:  Is there --

THE COURT:  Alice is here.

MR. DEGEURIN:  Would it be easier for her to just call and ask?

THE COURT:  Just bring Alice in, if she can.  Bring Alice in, and we'll just do it.  Okay.

MR. DEGEURIN:  I'm going to see if we can call --

THE COURT:  Then

MR. RANDALL:  May we be excused, Your Honor?

THE COURT:  You may be excused.

MR. RANDALL:  Thank you.

THE COURT:  Have a good weekend.

Oh, and Ms. Kahn, could I see you outside for a minute?

MS. KHAN:  Yes, Your Honor.

CLERK:  All rise.

(Recess)

CLERK:  All rise.

THE COURT:  All right.  Are we ready to go on Mr. Lucks?

WOMAN 2:  (indiscernible) Your Honor.

THE COURT:  Got to move fast if you're hanging with me.  All right.  Then --  Alice?  Oh, good.  Thank you, Alice.

MR. DEGEURIN:  This is Mr. Garcia.  We'll just wait a minute and --

MR. DEGEURIN:  (indiscernible) notes.  This is from the doctor.

THE COURT:  (indiscernible)

MR. GOLDMAN:  Your Honor, may I be excused?

THE COURT:  Yes.  Thank you, Mr. Goldman.

(Recess)

THE COURT:  Mr. DeGeurin, are you good?  Are you good to go?

MR. DEGEURIN:  I spoke -- yeah, I spoke with his doctor's secretary.  And I'm going to fax to her the releases and then have them fax -- I'm going to go borrow the marshal's fax machine so they can fax back and forth --

THE COURT:  Well, you can borrow ours if you want. It's right across the street.

MR. DEGEURIN:  Well, it would be easier for me at the marshal's because it's going to be going fax back.  I need to get the number anyway.

THE COURT:  Okay.

MR. DEGEURIN:  Because I want it to go directly to -- send it directly to them so they can go back --

THE COURT:  Okay.

MR. DEGEURIN:  And I've also talked to his nephew who's going to take photographs of the medication.  And if that goes faster, just whichever goes faster.

THE COURT:  Yeah.

MR. DEGEURIN:  I'm trying to do it so it's back in the hands of the marshal --

THE COURT: Yeah. That's a good idea, taking a picture of the medication bottle.

MR. DEGEURIN: Right.

THE COURT: All right.

MR. DEGEURIN: So we're getting close. He does need to make a phone call when he gets up there so he can call his nephew.

THE COURT: To fax -- so it takes pictures of it?

MR. DEGEURIN: Well, I've already talked to the nephew, but he just hasn't had a chance to talk -- call him today.

THE COURT: All right.

MR. DEGEURIN: So he can (indiscernible).

THE COURT: All right. Just brief phone call, you know, that you're here, you've got a lawyer, everything's super fine. He's in court Monday.

MR. GARCIA: Yes.

THE COURT: All right. Thank you, all.

MR. DEGEURIN: Thank you, Your Honor.

CLERK: All rise.

(Hearing adjourned at 3:02 p.m.)

* * * * *

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: October 23, 2025