IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| USA | § | CASE NO. 4:17-cr-651-18 |
| | § | HOUSTON, TX |
| VERSUS | § | WEDNESDAY, |
| | § | NOVEMBER 8, 2017 |
| MONTES et al | § | 10:16 to 11:42 AM |

<u>INITIAL APPEARANCE</u>

BEFORE THE HONORABLE NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES:</u>

FOR THE PARTIES:                SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER: SUZANNE GUEVARA

COURT CLERK:                    SHANNON JONES

TRANSCRIPTION SERVICE BY:

Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396 ▼ www.veritext.com

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

APPEARANCES:

FOR THE PLAINTIFF:                    DEPARTMENT OF JUSTICE
                                      UNITED STATES ATTORNEY FOR THE
                                      SOUTHERN DISTRICT OF TEXAS
                                      Michael Edward Day
                                      Adam Goldman
                                      1000 Louisiana Street
                                      27th Floor
                                      Houston, Texas 77208
                                      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

HOUSTON, TEXAS; WEDNESDAY, NOVEMBER 8, 2017; 10:16 AM

THE COURT:  Let me next call United States v. Maria Angelica Moreno-Reyna.  Come on up.

MR. DAY:  Your Honor, Mike Day for the Government, present and ready.  Mr. Goldman is supposed to be here.  He's in (indiscernible).  However, I'm a little unsure about (indiscernible).

THE COURT:  All right.  But Mr. Goldman will be here?

MR. DAY:  That is what I've been told.

THE COURT:  Okay.  So Ms. Moreno, have you received a copy of the indictment in this case?

MS. MORENO-REYNA:  The charges were read out to me, but they did not (indiscernible).

THE COURT:  All right.  So let's hand Ms. Moreno a copy of the indictment.  And I will summarize what you are charged with.  All right?

In Count One, you are charged with a conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  And in Count Two you are charged with sex trafficking of a minor by means of force, threats, fraud, and coercion.  The penalty range on this charge is up to life in prison.  Let me see if there is a mandatory minimum.

All right.  It's a mandatory minimum of 15 years in custody up to life imprisonment.  Up to a $250,000 fine.  And I am unclear on the supervised release that you might face.  It's

probably at least five years.

You are charged in Count Three, Four, Five and Six with sex trafficking by means of force, threats, fraud, or coercion. The penalty range that you face on that charge is a mandatory minimum of ten years in custody up to life imprisonment, a $250,000 fine.

You are charged in Count Eight, Nine, Ten, Eleven and Twelve with transportation to engage in prostitution. The penalty range that you face on that charge is up to ten years in prison and up to a $250,000 fine.

You are charged in Count Seven with a conspiracy to conduct transportation to engage in prostitution. That's a five-year count, a $250,000 fine, and three years release.

In Count 13 you are charged -- the jail term for the conspiracy charge, the conspiracy to conduct transportation to engage in prostitution is five years in prison and a $250,000 fine.

The transportation, the actual count, transporting someone to engage in prostration -- you know what? I cannot do this. There is simply too much noise in the courtroom. I cannot think.

So let me give you all a chance to talk with your clients and I will be back in about 15 minutes. Because everyone is talking and I can't think. So I'll be back.

CLERK: All rise.

(Recess)

THE COURT:  All right.  Let's try this again. Everyone will now be quiet.

So, MS. Moreno-Reyna, come on back up.

MR. GOLDMAN:  Your Honor, Adam Goldman for the United States.

THE COURT:  Good morning.

MR. GOLDMAN:  I apologize for my delay.  I was stuck with Judge Miller.

THE COURT:  Stuck?  I'm going to tell him that.

MR. GOLDMAN:  Delayed.

THE COURT:  Delayed.  All right, Ms. Moreno, let's start again with your charges.

You are charged in -- that's all right, Suzanne.  I don't know what the problem is.

Mr. Goldman, the first six counts are 15 to live?

MR. GOLDMAN:  That is correct, Your Honor.  Well, Count One is different.  Count One is a term of years to life.

THE COURT:  Up to life?

MR. GOLDMAN:  Yeah, term of years to life for Count One.  Then Two through Six is the 15 to life.

THE COURT:  Ms. Morena, have a seat.  We're not going to be able to go forward until I can make a recording of this proceeding.  It's been giving us problems now for a while.

All right, it's back on.  So let's -- Ms. Moreno,

come on back up.

Ms. Moreno, you have received a copy of the indictment.  And let's go over those charges.

You are charged in Count One with a conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range that you face on this charge is any term of years up to life imprisonment.  Plus a $250,000 fine.  Just the regular fine?

MR. GOLDMAN:  That's correct, Your Honor.

THE COURT:  And a term of supervised release.  Is there the usual --

MR. GOLDMAN:  Up to five years.

THE COURT:  Up to five years.  And then is there a special assessment, the $5,000 special assessment?

MR. GOLDMAN:  Yes, $5,000.

THE COURT:  And a $5,000 special assessment for this type of crime.

You are charged in Count Two with sex trafficking of a minor by means of force, threats, fraud, and coercion.  And in Counts Two, Three Four, Five and Six with sex trafficking by means of force, threats, fraud, and coercion.  Those five counts carry with them a mandatory minimum of 15 years in prison up to life imprisonment, a $250,000 fine, up to five years supervised release, and a $5,000 special assessment for each count.

In Count Seven you are charged with a conspiracy to conduct transportation to engage in prostitution.  That charge is up to five years in prison, up to a $250,000 fine, up to three years supervised release.  And I am assuming a $100 special assessment.

MR. GOLDMAN:  That is correct, Your Honor.

THE COURT:  In Counts Eight, Nine, Ten, and Eleven, you are charged with transportation to engage in prostitution.  Those charges carry penalties of up to ten years in prison, up to a $250,000 fine, and up to I'm assuming three years supervised release of five.  Do you know?

MR. GOLDMAN:  It's five, Your Honor.

THE COURT:  A five-year supervised release.  And they have the regular special assessment or the --

MR. GOLDMAN:  $5,000.

THE COURT:  The sex trafficking special assessment of $5,000 mandatory assessment for each count.

You are charged in Count 13 with a conspiracy to entice or coerce another to travel to engage in -- is that prostitution?

MR. GOLDMAN:  That is correct, Your Honor, for immoral sex acts.

THE COURT:  For immoral sex acts.  The penalty range for Count Thirteen is up to five year in prison, up to a $250,000 fine, up to three years supervised release, and a $100

special assessment.

In Counts 14, 15, 16, and 17, you are charged with enticing and coercing another to travel in interstate or foreign commerce to engage in prostitution.  The penalty range on that offense is up to 20 years in prison, up to a $250,000 fine.  And I'm assuming we've got the five year -- $5,000 special assessment for each count that you are convicted of.

In Count Eighteen you are charged with a conspiracy to move, transport, conceal, harbor from detection illegal aliens.  The penalty range on that offense is up to ten years in prison and up to a $250,000 fine, up to three years supervised release and a $100 special assessment.

MR. GOLDMAN:  Your Honor, that one is also $5,000.

THE COURT:  It's $5,000 because it's for immoral purposes?

MR. GOLDMAN:  1324s are $5,000.

THE COURT:  Really?

MR. GOLDMAN:  Yes.  I was surprised myself.

THE COURT:  All right.  So Mr. Goldman has corrected me.  He believes that the special assessment on a 1324 count is a $5,000 special assessment for each count.

You are charged in Count 19 and 21 with transportation, moving, concealing, harboring, shielding from detecting certain aliens from detection.  That's a ten-year offense, up to a $250,000 fine, up to a $5,000 special

assessment for each count, and up to three years supervised release.

In Count 22 you are charged with a conspiracy to import certain aliens into the United States for immoral purposes. The penalty range for that offense, Count 22, is up to five years in prison, up to a $250,000 fine, and up to three years supervised release and a $100 special assessment.

And in Counts 23, 24, 25, 26 and 27, you are charged with importation of aliens for immoral purposes. The penalty range on that offense is up to ten years in prison, up to a $250,000 fine, up to three years supervised release, and a $5,000 special assessment for each count.

MR. GOLDMAN: Actually, Your Honor, for that one -- I hate to be confusing.

THE COURT: That's not?

MR. GOLDMAN: I did not write the statute, but...

THE COURT: Apparently. Well, it's complicated. And you and your attorney can go over those fines and penalties at a later date.

But, ma'am, do you understand what the Government is alleging you have done?

MS. MORENO-REYNA: Yes.

THE COURT: With respect to these allegations, you have the right to remain silent and not make any statement. But if you choose to make a statement, it can be used against

you.  Do you understand that?

MS. MORENO-REYNA:  Yes.

THE COURT:  And if you are not a U.S. citizen, you may request that a federal law enforcement officer notify a consular official from your country that you have been arrested.  Before you do that, you should consider talking to your attorney.

Now -- excuse me?  You understand.

MS. MORENO-REYNA:  No, I understand.

THE COURT:  You also have the right to be represented by an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you. Will you be haring your own attorney or will you be asking the Court for appointed counsel?

MS. MORENO-REYNA:  No, I am going to get an attorney.

THE COURT:  Do you know who that will be at this time?

MS. MORENO-REYNA:  I'm sorry, I am a bit confused at the moment, but I don't recall the name.

THE COURT:  All right.  Well then, I will assume you are going to hire your own attorney.

Mr. Goldman, your motion on bond?

MR. GOLDMAN:  Judge, we would move to have her detained as both being a flight risk and danger to public safety.  And we submit that she has a (indiscernible) case

under 3142(c)(3), (d) and (e).

THE COURT:  Based on?

MR. GOLDMAN:  The trafficking --

THE COURT:  The 24, 21, and 22?

MR. GOLDMAN:  The 1591, yes.

THE COURT:  The 1591.  All right.

MR. GOLDMAN:  And, Your Honor, if I can, one of the other individuals indicted in this is her husband, who has private counsel.  I am not sure if the Court has any instructions for her regarding if they try to get the same attorney or (indiscernible).

THE COURT:  All right.  So, Mr. Goldman just wants me to advise you that if you and your husband intend to hire the same lawyer to represent both of you -- okay, just listen, I just want to tell you this -- that might present a conflict of interest with that lawyer.  Because both you and your husband are charged in conspiracy counts, it would be very hard for the same lawyer to make an argument that while one of you may have been involved in the conspiracy or that's not challenged, the other one didn't.

So in this type of case, it would be very difficult for one lawyer to represent both of you because you may have varying degrees of culpability or involvement in this criminal enterprise.  Do you understand?

MS. MORENO-REYNA:  Yes.

THE COURT: All right. So we need to set up a detention hearing. You need to have a lawyer for that hearing. How quickly do you think you can hire an attorney?

MS. MORENO-REYNA: Your Honor, I need to be able to make a phone call.

THE COURT: All right. You may have a phone call. It will be a local phone call?

MS. MORENO-REYNA: Yes.

THE COURT: And you'll be calling a lawyer?

MS. MORENO-REYNA: Yes.

THE COURT: All right. Local phone call for the purpose of hiring a lawyer.

But let's set up that hearing. Actually we need to make -- we need to make sure you've got an attorney before I set a hearing.

So do you think you can hire a lawyer by -- today is Wednesday.

MR. GOLDMAN: Yes, Your Honor. It's been a long week.

THE COURT: It's been a long week already. By tomorrow. Friday is a holiday so we're not here on Friday.

MS. MORENO-REYNA: Your Honor, could you repeat the (indiscernible)?

THE COURT: Yes. Do you think you will be able to hire an attorney today?

MS. MORENO-REYNA:  I do not know.

THE COURT:  All right.  So let me bring you back for tomorrow for status conference on your efforts to hire an attorney.  Because one of the things that I can do here is I can allow you to make a phone call from the marshal's office when it may be at a facility.  You don't have a phone list yet. The downside is you'll be woken up in the middle of the night and brought down here.

So I'll see you tomorrow.  Let's put her on the 2:00 docket.  That will give you enough time maybe to hire someone.

MS. MORENO-REYNA:  Agree.

THE COURT:  Pending that hearing, ma'am, you'll remain in custody.  Do you have any questions?

MS. MORENO-REYNA:  No.

THE COURT:  All right.  Then you may have a seat.

Let me next see Grisel Salas.  Ms. Salas, come on up. Ma'am, have you received a copy of the indictment?

MS. SALAS:  (indiscernible).

THE COURT:  All right.  Let's get you a copy.  You are charged in Count 18 with a conspiracy to bring in, transport, move, conceal, harbor, and shield from detection certain aliens within the United States as well as transporting, moving, concealing, harboring certain aliens with the United States.  Those are Counts 18 and 20 that you're charged with.  The penalty range that you face on both of these

charges is up to ten years in prison, up to a $250,000 fine, up to three years supervised release, and $5,000 special assessment.

MR. GOLDMAN:  Yes, Your Honor.

THE COURT:  Do you understand the charges?

MS. SALAS:  (indiscernible).

THE COURT:  With respect to these charges, you have the right to remain silent and not make any statement.  If you choose to make a statement, it can be used against you.  Do you understand that?  Is that yes?

MS. SALAS:  (indiscernible).

THE COURT:  Also -- let's see.  You are a U.S. Citizen.

MS. SALAS:  yes, ma'am.

THE COURT:  All right.  You do have the right to be represented by an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you.  Are you asking the Court for appointed counsel?

MS. SALAS:  I'm a little confused on that part.  Because when I talked to my sisters and my mother, they told me that as soon as I get here to call them to see (indiscernible).

THE COURT:  So your family is thinking that they might want to hire you an attorney?

MS. SALAS:  Yes.

THE COURT: All right. Well, I can give you a chance to get that taken care of.

MS. SALAS: Yes.

THE COURT: What is your motion on bond?

MR. GOLDMAN: Move for detention as both a flight risk and a danger to public safety.

THE COURT: All right. So they are moving that you be held without bond. I need to hold a hearing on that. So getting a lawyer becomes a real priority. When do you think you can do that?

MS. SALAS: (indiscernible).

THE COURT: All right. You qualify for appointed counsel. And I will appoint you a lawyer if you want. Then your family can hire somebody later. But let me -- I will appoint someone after -- everyone -- public defender is disqualified --

MR. GOLDMAN: That's correct, Your Honor.

THE COURT: -- and I've got to appoint people off the list. So we'll get you a lawyer after court.

Can we do Ms. Salas tomorrow with the other two individuals?

MR. GOLDMAN: I believe so, Your Honor.

THE COURT: All right. So let's do you tomorrow at -- what did I say that was, 2:00?

MR. GOLDMAN: Yes, Your Honor.

THE COURT:  2:00.  It's been a week.  I can't remember what I did yesterday.

She's in with Mr. Gonzalez and Mr. Alessio.

CLERK:  Oh.  What type of hearing?  I'm sorry.

THE COURT:  Detention.  So we will do detention and arraignment then tomorrow at 2:00.  Pending that hearing, ma'am, you will remain in custody.  Do you have any questions?

All right.  I'll see you tomorrow.

Now let me call Gabriela Gonzalez-Flores.

All right.  Ms. Gonzalez, have you received a copy of the indictment?  It looks like you're just being handed it now.  Let's go over the charges.

You're charged in Count 1 with conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range that you face on Count 1 is any term of years up to life imprisonment up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Count 2 with sex trafficking of a minor by means of force, threats, fraud, and coercion.  And in Counts 3 through 6 with sex trafficking by means of force, threats, fraud, and coercion.  The penalty range on these counts is a mandatory minimum of 15 years in prison up to life imprisonment, up to five years supervised release, and a $5,000 special assessment for each count of which you are convicted.

You're charged in Count 7 with a conspiracy to conduct transportation to engage in prostitution.  That penalty is up to five years in prison, up to a $250,000 fine, up to three years supervised release, and a $100 special assessment.

In Counts 8, 9, 10 and 11, you're charged with transportation of persons to engage in prostitution.  The penalty range on those counts is up to ten years in prison, up to a $250,000 fine, up to -- is it five years supervised release?

MR. GOLDMAN:  That's correct, Your Honor.

THE COURT:  And a $5,000 special assessment for each count of which you are convicted.

In Count 13 you are charged with a conspiracy to entice or coerce another to travel in interstate commerce or foreign commerce to engage in prostitution.  The penalty range on Count 13 is up to five years in prison, up to a $250,000 fine, up to three years supervised release, and a $100 special assessment.

In Counts 14, 15, 16, and 17 you are charged with enticing and coercing another to travel in interstate or foreign commerce to engage in prostitution.  The penalty range on that charge is up to 20 years in prison, up to a $250,000 fine, a term of supervised release of up to -- supervised release, yeah, supervised release and a $5,000 special assessment.

And in Count 22 you are charged with a conspiracy to import aliens for immoral purposes.  That is a five-year penalty, a $250,000 fine, up to three years supervised release, and a $100 special assessment.  And in Counts 23, 24, 25, and 26, you are charge with importation of aliens for immoral purposes.  That penalty -- those penalties for those offenses, up to ten years in prison, up to a $250,000 fine, up to three years supervised release.  And remind me, Mr. Goldman, five or 100?

MR. GOLDMAN:  For which one?

THE COURT:  The last one, 1328.

MR. GOLDMAN:  That's $100.

THE COURT:  $100 special assessment for each one.

Do you understand the charges?  You need to say you understand out --

MS. GONZALEZ-FLORES:  Say -- correct, yes.

THE COURT:  Yes, you understand.  All right.  With respect to these charges, you have the right to remain silent and not make any statement about these allegations.  But if you choose to make a statement, it can be used against you.  Do you understand that?

MS. GONZALEZ-FLORES:  I understand.

THE COURT:  And if you are not a U.S. citizen, you may request that a federal law enforcement officer notify your consulate that you have been arrested.  You should talk with

your attorney before making such a request.  Do you understand?

MS. GONZALEZ-FLORES:  I understand.

THE COURT:  You also have the right to be represented by an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you.  Will you be hiring your own attorney or asking the Court for appointed counsel?

MS. GONZALEZ-FLORES:  I would ask you that you assign me (indiscernible).

THE COURT:  I don't see that you filled out a financial affidavit.  That is something I must see before I appoint you counsel.  Because I must make a determination based on your sworn testimony that you are financially unable to hire an attorney.  So if you have not filled out a financial -- no?  All right.  Then you need to have a seat at the table and fill it out.

And while we're waiting, let me call Eddie Alejanddro Torres.  Come on up, sir.  Good morning.

MR. TORRES:  (indiscernible), Your Honor.

THE COURT:  Sir, have you received a copy of the indictment?

MR. TORRES:  No, ma'am.

THE COURT:  All right.  Let's get you that.  You're being handed that now.  You're charged on a lot of counts.  So let's go over those.

Number one, you are charged with in Count 1 with a --

MR. TORRES:  I'm sorry, ma'am, this one is not mine.

THE COURT:  That's not yours?

MR. TORRES:  (indiscernible).  Okay.

CLERK:  If you turn the page, it will have your name in the square.

MR. TORRES:  Okay.

THE COURT:  All right.  So you are charged in Count 1 with a conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range that you face on that charge is any term of years up to life in prison, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Counts 3, 4 and 6 with sex trafficking by means of force, threats, fraud, and coercion.  Those three counts carry with them a mandatory minimum of 15 years up to life imprisonment, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Count 7 with a conspiracy to conduct transportation to engage in prostitution.  That is a five-year penalty, up to a $250,000 fine, up to three years supervised release and a $100 special assessment.

You are charged in Counts 8, 9 and 11 with transportation to engage in prostitution.  Those three counts carry with them penalties of up to ten years in prison, up to a

$250,000 fine, $5,000 per count for special assessment, and up to five years supervised release.

You are charged in Count 3 with a conspiracy to entice another to travel for the purpose of -- to engage in prostitution.  That is a five-year count, up to a $250,000 fine, up to three years supervised release, and a $100 special assessment.

You are charged in Count 14, 15 and 17 with enticing or coercing another to travel in interstate or foreign commerce for the purposes of prostitution.  The penalty range on those three counts is up to 20 years in prison, up to a $250,000 fine, and $5,000 per count for special assessment as well as five years supervised release.

In Count 22 you're charged with a conspiracy to import aliens for immoral purpose.  That conspiracy count is a five-year penalty, up to a $250,000 fine, up to three years supervised release, and a $100 special assessment.  And in Counts 23, 24 and 26, you are charged with importing aliens for immoral purposes.  That penalty is up to ten years in prison, up to a $250,000 fine, a $100 special assessment for each one, and up to three years supervised release.

It's a lot to swallow.  Do you understand the allegations?

MR. TORRES:  I understand them, but --

THE COURT:  Excellent.  With respect to these

allegations, you have the right to remain silent and not make any statement.  If you choose to make a statement, it can be used against you.  Do you understand that?

MR. TORRES:  I understand that, ma'am.

THE COURT:  You also have the right to be represented by an attorney at all stages of these criminal proceedings.  If you cannot afford an attorney, one will be appointed for you.  Will you be hiring your own attorney or asking the Court for appointed counsel?

MR. TORRES:  I mean, I heard that if I could get a court-appointed counsel (indiscernible) if I can make phone calls and (indiscernible) can I do that?

THE COURT:  No.  You have to be financially unable to hire an attorney.  Court-appointed lawyers are just not here for your convenience.  Okay?

MR. TORRES:  Okay.

THE COURT:  So if you think you can afford an attorney, then you need to make that phone call right now.

MR. TORRES:  Okay.

THE COURT:  All right.

MR. TORRES:  I'll go ahead and --

THE COURT:  And that's what you want to do?

MR. TORRES:  Yes, that's what I want to do.

THE COURT:  Okay.  Then he gets a phone call to hire an attorney.  Your motion on bond, Mr. Goldman.

MR. GOLDMAN:  I move for detention as both a flight risk and danger to public safety.  And he is a presumption case under 3142(c)(3), (d) and (e).

THE COURT:  So I need to have a hearing on that issue.  You need to have a lawyer at that hearing.  So time becomes of the essence.  Do you think you can hire an attorney by tomorrow or should I just set you in for a status conference tomorrow?

MR. TORRES:  I'm trying to get in contact with someone (indiscernible).  But I don't know no numbers by memory.  So I do need some type of help to get in touch with my wife.

THE COURT:  Well, you know your wife's number, correct?

MR. TORRES:  I don't know her number.  I would need some help to get to her.

THE COURT:  Well, none of us have your wife's number.

MR. TORRES:  I know.

THE COURT:  We can give you a lawyer's number because we've got a computer here and we can look it up.  You want to give us a name and we can look it up?  Because, I mean, you're going to go upstairs and there's no phone books anymore.  The marshals can't give you a phone book.

MR. TORRES:  Yeah, I know.

THE COURT:  So your best shot is right here.

MR. TORRES:  Okay.  Then I'll just get a lawyer here from your books.

THE COURT:  Excuse me?

MR. TORRES:  I'll get a lawyer from your record.

THE COURT:  We don't have -- I said we don't have a phone book.  So if you want to give me a lawyer's name, I can look him up and give you the phone number.

MR. TORRES:  Okay.  Then I'll have to make a phone call first.  And that's the problem.  I don't know no one's number offhand.  I'm like in the middle of the law (indiscernible).

THE COURT:  Well, Mr. Torres, it's going to be hard for you because we can't help you, either.  So I hope you can remember somebody's phone number.

MR. TORRES:  Or a visit or any visitation or something.  Do I get visitation?

THE COURT:  Not in this building.  So...

MR. TORRES:  Can I turn around and ask my friend and see if he knows a number of anything?

THE COURT:  Your friend?

MR. TORRES:  Yes.  Is there a lawyer that you know by memory?

MAN:  Not offhand.

MR. TORRES:  No, not by memory?

THE COURT:  Okay.  Well, you're kind of in a box.

MR. TORRES:  Yes.  And I can afford one, I just don't know no numbers.

THE COURT:  Well, if you had a lawyer's name, we could look him up.  But --

MR. TORRES:  Can we go with Hunter?  He's from Fort Bend.

THE COURT:  Does Hunter have a first name or a last name?

MR. TORRES:  I don't know.  I know his first name -- I just know him by Hunter.

THE COURT:  And that's his last name?

MR. TORRES:  Last name.

THE COURT:  All right.  Shannon, see if there's a lawyer in Fort Bend County -- is that going to be in Richmond or --

MR. TORRES:  Fort Bend County.

THE COURT:  Fort Bend County.  Lawyer, Fort Bend County, Hunter.

CLERK:  David Hunter.

THE COURT:  David Hunter in Sugarland?  Sound familiar?

MR. TORRES:  Yes, (indiscernible).

THE COURT:  All right.  Give him the number.  That's the number.

Shannon, would you just humor me and look him up and

see if he's admitted to practice in this district?  Just because a lawyer is admitted to practice in the state of Texas does not mean he is licensed to practice here in federal court. And you want a lawyer who is admitted to practice and not learning for the first time on you.

MR. TORRES:  Okay.

CLERK:  (indiscernible) not admitted.

THE COURT:  Okay.  It looks like the David Hunter in Fort Bend County is not admitted to practice here in this district.  So you need -- you know, Mr. Torres, you're in a lot of trouble.  You need to get a lawyer that practices here.  We can give you Mr. Hunter's number, but...

MR. TORRES:  Then I would just call him and see if he can (indiscernible).

THE COURT:  You could do that.  All right, Shannon, write down Mr. Hunter's phone number.

And I'll see you back tomorrow, Mr. Torres, for a status conference on counsel.  And we'll do that -- I guess did I say 2:00?

MR. GOLDMAN:  Yes, Your Honor.

THE COURT:  2:00.  Do you have any questions, Mr. Torres?

MR. TORRES:  (indiscernible).

THE COURT:  All right.  We'll see you tomorrow at 2:00.

All right.  Let me recall Gabriela Gonzalez.  Ms. Gonzalez, come back up.

All right, ma'am, you indicate that you are employed at two places.  Is that correct?

MS. GONZALEZ-FLORES:  Correct.  Correct.

THE COURT:  You work at Williams Tile.

MS. GONZALEZ-FLORES:  Correct.  Correct.

THE COURT:  And you make $2,000 per month, is that correct?

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  And then you also are self-employed as a cook.

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  And you make a thousand dollars a month as a cook, correct?

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  And when you say you're self-employed, are you cooking out of your own kitchen?  How is that working?

MS. GONZALEZ-FLORES:  Yes, I cook in my house and then I take (indiscernible).

THE COURT:  Okay.  So people -- your clients that buy your food.

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  All right.  So you don't work in a particular place to sell food.

MS. GONZALEZ-FLORES:  No.

THE COURT:  All right.  You are not married.

MS. GONZALEZ-FLORES:  No.

THE COURT:  You also have some food stamp income.

MS. GONZALEZ-FLORES:  Correct.

THE COURT:  And you have no cash on hand.  No money in a bank account, at home, in a wallet, held by a friend?

MS. GONZALEZ-FLORES:  I was going to pay for insurance.  I was -- I had $250 in my purse when they took me.

THE COURT:  All right.  And other than that $250, do you have any other money at home or anyplace else?

MS. GONZALEZ-FLORES:  No.

THE COURT:  All right.  Then I find that you are financially unable to hire an attorney.  We will appoint an attorney off our Criminal Justice Act list.

Did I ask you about bond?

MR. GOLDMAN:  I'm not sure, Your Honor, but we move for detention as both a flight risk and danger to public safety and submit it as a presumption case under 3142(c)(3), (d) and (e).

THE COURT:  All right.  So the Government is moved that you be held in custody pending --

MR. GOLDMAN:  Your Honor, she also has an ICE detainer.

THE COURT:  Oh, there is an ICE detainer?

MR. GOLDMAN:  Yes.

THE COURT:  All right.  So we will hold that detention hearing tomorrow at 2:00.  I'll have a lawyer for you at that time.  Do you have any questions?

MS. GONZALEZ-FLORES:  No.

THE COURT:  All right.  Then you may have a seat.

Let me next call Jose Luis Moreno.  Mr. Moreno, good morning.  Sir, have you received a copy of the indictment in your case?

MR. MORENO:  Not yet.

THE COURT:  Let's get you a copy.  You are charged in Count 1, sir, with a conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range that you face on Count 1 is any term of years up to life imprisonment, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Count 6 with sex trafficking by means of force, threats, fraud, and coercion.  The penalty range that you face on that count is a mandatory minimum of 15 years in prison, up to life imprisonment, up to a $250,000 fine, up to five years supervised release and a $5,000 special assessment.

You are charged in Count 7 with a conspiracy to conduct transportation to engage in prostitution.  The penalty range on that count is up to five years in prison, up to a

$250,000 fine, up to three years supervised release, and a $100 special assessment.

In Count 11 you are charged with transportation to engage in prostitution. The penalty range on that offense is up to ten years in prison, up to a $250,000 fine, up to five years supervised release and a $5,000 special assessment.

In Count 13 you are charged with a conspiracy to entice and coerce another to travel to engage in prostitution. A five-year penalty, up to $250,000 in fines, and up to three years supervised release and a $100 special assessment.

You are charged in Count 17 with enticing or coercing another to travel in interstate or foreign commerce for prostitution. The penalty range on that count is up to 20 years in prison, up to a $250,000 fine, a $5,000 special assessment, and a term of supervised release of up to five years. And in Count 22 and 26, you're charged with a conspiracy -- no, 22 is the conspiracy -- no, 22. Let me see.

MR. GOLDMAN: That is correct, Your Honor.

THE COURT: Twenty-two is the conspiracy to import aliens for immoral purposes. That's a five-year offense, up to a $250,000 fine, up to three years supervised release and a $100 special assessment.

In Count 26 you were charged with importation of an alien for immoral purposes. The penalty range on that is up to ten years in prison, up to a $250,000 fine, up to three years

supervised release and a $100 special assessment.

MR. GOLDMAN:  Yes, Your Honor.

THE COURT:  Do you understand the charges?

MR. MORENO:  Yes, ma'am.  One question.  How many charges are there?

THE COURT:  Eight.  Eight.  And you'll have a chance to look over those.  The whole point of this exercise is to make sure that you have an understanding of the allegations. Because you have the right to remain silent with respect to these allegations.  If you choose to make a statement, then it can be used against you.  Do you understand that?

MR. MORENO:  Yes, ma'am.

THE COURT:  So as long as you have an understanding of the charges, you can intelligently invoke that right to remain silent.  And you understand, right?

MR. MORENO:  Yes.

THE COURT:  You also have the right to be represented by an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you. Will you be hiring your own attorney or asking the Court for appointed counsel?

MR. MORENO:  I think I'm going to be hiring.

THE COURT:  Do you know who you will be hiring?

MR. MORENO:  No, ma'am, not yet.

THE COURT:  All right.  I can give you some time to

do that.  But what's your motion on bond?

MR. GOLDMAN:  We move for detention as well as a flight risk, danger to public safety, and it is a presumption case we would submit under 3142(c)(3), (d) and (e).

And also, Your Honor, similar to Mr. Moreno beforehand, his stepfather may have the same attorney (indiscernible) the same one.

THE COURT:  Okay.

MR. MORENO:  (indiscernible) the same lawyer?

THE COURT:  Yeah.  And you understand why, correct?

MR. MORENO:  Yes, I understand.  Yes.

THE COURT:  Some people, they think it's good if we kind of hang together as a group, it's cheaper, you get a group rate or something like that.  But the point is that each of you may have varying degrees of culpability.  You may have -- you know, and a lawyer that's representing one or more person cannot make these arguments with any credibility to a jury.  All right?  So you understand that.  So I'm going to give you a chance to hire a lawyer.  But there is a detention hearing that you'll be held in custody pending that hearing.  So time is of the essence in hiring a lawyer.

MR. MORENO:  I mean, what is --

THE COURT:  He has moved that you be held without bond.

MR. MORENO:  Because I don't have a lawyer?

THE COURT:  No.  No, no, no.  Because you don't -- because he thinks you're a danger to the community and a risk of flight.  These charges carry with them a presumption of flight and danger to the community.  It's your obligation to rebut that presumption.  I have to hold a hearing and determine what conditions of release should you be released on, or should you just be held in custody pending your trial.  You have to have a lawyer at that hearing.  So that's why the lawyer becomes critical and quickly hiring that lawyer.  Because you're going to sit in custody until you get a lawyer.

MR. MORENO:  Now I understand.

THE COURT:  All right?  So getting back to the lawyer then.  Do you know who you will be hiring so you can make a phone call to get that lawyer on board?

MR. MORENO:  No, ma'am.  I am (indiscernible).  I don't have no phone number (indiscernible) cell phone.  We all stuck in the same place.

THE COURT:  You're going to be -- I don't know what to do to help you, because there's -- you know, I don't know your relative's' phone numbers.

MR. MORENO:  No, all my relatives are here.

THE COURT:  All your relatives are here.

MR. MORENO:  Yeah.

THE COURT:  As defendants.  Or here in court.  I don't see any relatives in court --

MAN 1:  He means as defendants.

THE COURT:  As defendant.  All right.

MR. MORENO:  Yeah.  So I mean, I have -- I'll have to wait for one of them to get contact out there in the free world in order to get in contact with my wife (indiscernible).

THE COURT:  And there's no way you can give me your wife's --

MR. MORENO:  I don't -- she just got a new phone number.  I just know the first --

THE COURT:  Okay.  Say that again.

MR. MORENO:  It's 832-577.  That's all I know.  I don't know the --

THE COURT:  You don't know the last four numbers?

MR. MORENO:  I know her address and -- but you know.

THE COURT:  That's not helpful.  Does she work someplace where we could --

MR. MORENO:  She stays at home all day.  She is home every day.  (indiscernible) send a unit out there.

THE COURT:  I have no units to send out to anything.  Well, you all are going to have to figure out how you're going to get...

MR. MORENO:  Like I said, I'm stuck.  I have no phone number.  It's just a matter of time, I guess.  I'm going to try to get something done (indiscernible).

THE COURT:  All right.  Well, I'm going to bring you

back then tomorrow at 2:00 for counsel determination.  And you can tell me what progress you've made on this.

MR. MORENO:  Your Honor, are you going to order a phone call?

THE COURT:  Phone call if you can figure out --

MR. MORENO:  I wouldn't know the last numbers.  I ain't even going to waste the time.  I don't know (indiscernible) phone numbers.

THE COURT:  So this raises a problem.  I mean, Mr. Goldman, I am assuming your agents have their phones.

MR. GOLDMAN:  Yes, Your Honor.  I can find out from the agents if they have a phone number for his wife.  And I'm not sure how to get that to him quickly.  I can try to email them while in the courtroom if that's okay with Your Honor.

THE COURT:  If the agents know his wife's phone number, then they can while he's still in the building tell the marshal's service and, you know -- does that work for you?

MR. MORENO:  Can I try to make one phone call?

THE COURT:  Yes.  You can try to make a phone call.

MR. MORENO:  I don't know if they've got my cell phone or not.  (indiscernible) at the evidence.  So I'm going to try to call my own cell phone (indiscernible).  I don't know.  It's the only shot I've got.

THE COURT:  I don't know.

MR. MORENO:  They did show me the cell phone -- the

ones they showed me, mine wasn't there.

THE COURT:  Okay.  No, I don't know what they did.  But...

MR. GOLDMAN:  (indiscernible) right now, Your Honor?

THE COURT:  Hmm?

MR. GOLDMAN:  May I email them right now to tell them to contact the marshal?

THE COURT:  Yeah.  All right.  Do you have any questions?  Otherwise I'll see you tomorrow at 2:00 for counsel determinations.

MR. MORENO:  No, ma'am.  I was just going to (indiscernible).

THE COURT:  All right.  Then you may have a seat.

Let me next call Gilbert Espinoza Garcia.  Mr. Espinoza, good morning.  It's still morning.

Sir, have you received a copy of the -- you're just being handed a copy of -- yeah.  You're going to have to put it on the ground.  There, on the table.  All right.  You're just been handed that indictment.  Let's go over the charges.  You're charged in eight counts.

You're charged in Count 1 with a conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range on that Count 1 is any term of years up to life in prison, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Count 4 with sex trafficking by means of force, threats, fraud, and coercion. That penalty carries a mandatory minimum of 15 years up to live in prison, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

You are charged in Count 7, 13 and 22 with conspiracy counts. Count 7 is conspiracy to conduct transportation to engage in prostitution. Count 13 is conspiracy to entice and coerce another to travel in interstate or foreign commerce for prostitution. Count 22 is a conspiracy to import aliens for immoral purposes. Those conspiracy counts under Section 371, that's a five-year penalty, up to a $250,000 fine, up to three years supervised release, and a $100 special assessment. The substantive counts are -- have significant penalties.

For example, in Count 9 you are charged with transportation to engage in prostitution. That is a ten-year penalty, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

In Count 15 you are charged with enticing or coercing another to travel in interstate or foreign commerce for prostitution. That is a 20-year penalty, up to $250,000, up to five years supervised release and a $5,000 special assessment.

And in Count 24 you are charged with importation of aliens for immoral purposes. That's a ten-year penalty, up to a $250,000 fine, up to three years supervised release and a

$100 special assessment.  Do you understand the allegations?

MR. ESPINOZA GARCIA:  Yes.

THE COURT:  With respect to these allegations, you have the right to remain silent and not make any statement.  If you choose to make a statement, it can be used against you.  Do you understand that?

MR. ESPINOZA GARCIA:  Yes.

THE COURT:  You also have the right to be represented by an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you.

Are you asking the Court for appointed counsel?

MR. ESPINOZA GARCIA:  Yes.

THE COURT:  All right.  You indicate here that you are disabled and you receive SSI benefits.

MR. ESPINOZA GARCIA:  Yes.

THE COURT:  In the amount of $738.

MR. ESPINOZA GARCIA:  Yes.

THE COURT:  And you are married.

MR. ESPINOZA GARCIA:  Well, not legally.  We've been together 26 years.

THE COURT:  Bud, do you hold yourself out as married?

MR. ESPINOZA GARCIA:  Not really.  I mean --

THE COURT:  Not really?

MR. ESPINOZA GARCIA:  Girlfriend (indiscernible), significant other.

THE COURT: It makes a difference. Because Texas is a community property state. And if you are married, then I need to look at your wife's income. But if you're not married and not holding yourself out as married, or even if you're common-law, then I only look at your $738.

MR. ESPINOZA GARCIA: No, I'm not.

THE COURT: All right. And you also receive some food stamps on top of that.

MR. ESPINOZA GARCIA: Yes.

THE COURT: You put down that you had a flooded Ford Focus, 2001.

MR. ESPINOZA GARCIA: Yes.

THE COURT: And also a 2001 Ford F-150.

MR. ESPINOZA GARCIA: Yes.

THE COURT: And those are yours, not your girlfriend's.

MR. ESPINOZA GARCIA: Yes, those are mine.

THE COURT: Do you have any other money in a bank account at home, held by a friend?

MR. ESPINOZA GARCIA: Just my money that comes in is to pay the bills.

THE COURT: And your bills are substantial.

MR. ESPINOZA GARCIA: Yeah. We put all our income together. Mine, hers, and my nephew is disabled, too.

THE COURT: All right. All right. Then I find that

you are qualified for appointed counsel.  I will appoint someone off the list.

Your motion on bond?

MR. GOLDMAN:  Move for detention as both a flight risk and danger to public safety, Your Honor.  And a presumption case.

THE COURT:  All right.  Well, we'll do that detention hearing tomorrow at 2:00 p.m.  We'll see you back then.

MR. ESPINOZA GARCIA:  Your Honor, can I get a phone call?

THE COURT:  To?

MR. ESPINOZA GARCIA:  Because my nephew has a lawyer and I may be in -- if that lawyer can represent me, I won't need to spend the money of the state.

THE COURT:  And your nephew is charged in this offense?

MR. ESPINOZA GARCIA:  No.

THE COURT:  Okay.  Your nephew just knows a lawyer.

MR. ESPINOZA GARCIA:  He has multiple (indiscernible).

THE COURT:  Okay.  You need a lawyer that's --

MR. ESPINOZA GARCIA:  Federal.

THE COURT:  Federal and knows criminal law.  And sometimes civil lawyers don't know any criminal law.  So you can have a phone call.  But I'm still going to appoint you a

lawyer.

MR. ESPINOZA GARCIA: Okay. Also since they detained me yesterday at 12:00 noon, I turned myself in, they did not give me my medicine. They haven't fed me since then. You know? I've been asking for food. I've been asking for water. I've been asking for medicine. Nothing up to now.

THE COURT: Okay. All right. So lunch -- we are almost at the lunch hour. Lunch will be upstairs in a few minutes, right?

MR. ESPINOZA GARCIA: I am basically starving.

THE COURT: Yes. What is your -- we're almost done here. Otherwise I'd give you a granola bar right now. What medicine?

MR. ESPINOZA GARCIA: They told me to give them the names and that I can make the phone call and they can go pick it up at the house. And my nephew will have them ready and they will pick them up at the house and bring them to me.

I said okay. So I gave them all the names of all the medicines I'm on. And nothing.

THE COURT: Well, normally they don't let you bring in any outside medicine.

MR. ESPINOZA GARCIA: No, they told -- the FBI and the marshals -- yesterday the FBI told me that. And today the marshals told me just give us the names of the medicine. I'll let you make the phone call if the judge allows it and have

them have the medicine ready.  We'll pick it up and bring it. I have high blood pressure.  I take diabetes medicine four times a day.  I take Victoza for an injection once a day.  I take some eye drops for dry eye syndrome.  I take several different medicines per day.

MAN 2:  Your Honor, we can contact the facility and have him seen (indiscernible).

THE COURT:  Yeah.  Where is he going to be?

MAN 2:  I'll have to check.  Where were you last night?  (indiscernible)?

MR. ESPINOZA GARCIA:  I was at the FBI place.  And then they brought me right here (indiscernible) around the corner.

THE COURT:  Okay, (indiscernible).  All right.

MAN 2:  (indiscernible).

THE COURT:  All right.  So they'll run you through the clinic when you get back.  Make sure that that happens.

MAN 2:  Yes, Your Honor.

MR. ESPINOZA GARCIA:  They ran me through the clinic last night.  And my blood sugar was two-something.  And then I was told -- I told --

THE COURT:  And they didn't give you an injection?

MR. ESPINOZA GARCIA:  Nothing.  They told me -- I told them I hadn't eaten.  And I can't even barely see you.  My vision is blurry.  And I told them --

THE COURT: Well, I'm really pretty.

MR. ESPINOZA GARCIA: And I told them this morning. They're like, well, you're in jail. I said okay, what's that got to do with me getting my medicine. You know?

THE COURT: Yeah, that makes no sense.

MR. ESPINOZA GARCIA: And then they lied and said I was fed. And I haven't been fed. You know, that's why it's important for me to get the bond. Because I'm not trying to run. I'll give you my passport. You can have it. Put a machine on my wrist.

THE COURT: I'll hear that tomorrow. The Government has a chance to tell me why you are a danger and a risk flight. You've got to go through the clinic and tell them -- I will see you tomorrow. If you haven't had your medicine by tomorrow, yeah, tell them I will be calling.

MR. ESPINOZA GARCIA: Thank you, Judge. I appreciate it.

THE COURT: All right. Thank you, sir. Have a seat. Next let me call Hector Reyna. Mr. Reyna, come on up.

MR. ESPINOZA GARCIA: Judge, do I get that phone call?

THE COURT: Yeah, you get the phone call.

MR. ESPINOZA GARCIA: Thank you.

THE COURT: All right, Mr. Reyna, let's get you a

copy of that indictment.

You're charged in Counts 1 and 2.  One charges you with conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion.  The penalty range on Count 1 is any term of years up to life in prison, up to a $250,000 fine, up to five years supervised release, and a $5,000 special assessment.

Count 2 charges you with sex trafficking of a minor by means of force, threats, fraud, and coercion.  The mandatory minimum on that charge is a mandatory 15 years in prison up to life imprisonment, up to a $250,000 fine and up to five years supervised release and a $5,000 special assessment.  Do you understand the charges?

MR. REYNA:  Yes, ma'am.

THE COURT:  With respect to these allegations, you have the right to remain silent and not make any statement.  If you choose to make a statement, it can be used against you.  Do you understand that?

MR. REYNA:  Yes, ma'am.

THE COURT:  And are you a U.S. citizen?

MR. REYNA:  Yes, ma'am.

THE COURT:  I'm just asking because I have to give you the Hague Convention warnings.

MR. REYNA:  Yeah, I (indiscernible).

THE COURT:  You have the right to be represented by

an attorney at all stages of this criminal proceeding.  If you cannot afford an attorney, one will be appointed for you.  Will you be hiring your own attorney or asking the Court for appointed counsel?

MR. REYNA:  I would (indiscernible) had an attorney before all this.  (indiscernible).  I'm out on bond for that case.  Right?  And the lawyer (indiscernible).  I've just got to make a call to him.

THE COURT:  All right.  And who is that lawyer?

MR. REYNA:  Sam D. Adamo.

THE COURT:  Sam Adamo?  All right.  So you can --

MR. REYNA:  Can I get a chance -- I can talk to my sister or something so they can (indiscernible).

THE COURT:  Right.  Mr. Adamo has been calling.

MR. REYNA:  Yeah.  That's my lawyer.

THE COURT:  All right.  So let him have a phone call to Mr. Adamo.  Do you need his number?

MR. REYNA:  I've had the number, but I'm trying to see if my sister -- like, trying to talk to my sister so she can talk to the lawyer.  Oh, I can talk to the lawyer (indiscernible).

THE COURT:  Why not?

MR. REYNA:  I might as well, huh?  All right.  Yeah, but (indiscernible).

THE COURT:  Okay.  You can call Mr. Adamo.  Just so

we're clear on this, sometimes lawyer, they take money from you for state court, but then you get charged over here and they'll want more money.

MR. REYNA:  I understand that.  But this case is almost related to the same (indiscernible).

THE COURT:  And you can certainly talk to him about that and find out.

MR. REYNA:  Yes, ma'am.  Yes.

THE COURT:  So I will give you a phone call.  Your motion on bond.

MR. GOLDMAN:  Move for detention.

THE COURT:  All right.  Then let's set that up for 2:00 p.m. tomorrow.  I'm assuming you've -- Mr. Adamo will represent you.

MR. REYNA:  Yes, ma'am.

THE COURT:  All right.

MR. REYNA:  I've got a question, ma'am.

THE COURT:  Yes, sir.

MR. REYNA:  I was wondering, how many charges do I have there?

THE COURT:  Two.  One and two.

MR. REYNA:  All right.  That's it.

THE COURT:  That's it.

MR. REYNA:  Thank you.

THE COURT:  All right.  And you may have a seat.

MR. REYNA:  But I'll be able to get that call though, right?

THE COURT:  You get a call.

MR. REYNA:  Thank you.

THE COURT:  And finally let me talk to Jimmy Mejia Chaves.  Mr. Mejia, come on up.

Mr. Mejia, all right, Mr. Mejia, you've just been handed a copy of the indictment.  You're charge in Count 33 with illegal reentry after you were deported.  The penalty range that you face on this count is up to two years in prison and up to a $250,000 fine, up to one-year supervised release, and a $100 special assessment.  Do you understand the charge?

MR. MEJIA CHAVEZ:  Yes.

THE COURT:  With respect to this charge, you have the right to remain silent and not make any statement.  If you choose to make a statement, it can be used against you.  Do you understand that?

MR. MEJIA CHAVEZ:  Yes.

THE COURT:  Is that yes?  As it is alleged that you are not a U.S. citizen, you may request that a federal law enforcement officer notify your consulate that you have been arrested.  Before you make that request, you should probably talk to your lawyer.

You do have the right to be represented by a lawyer at all stages of this criminal proceeding.  If you cannot

afford an attorney, one will be appointed for you.  I have from you a financial affidavit.  Is it your request that I appoint you counsel?

MR. MEJIA CHAVEZ:  Okay.

THE COURT:  So this indicates that you are a day laborer in Houston and you make about $2,000 per month.  Is that correct?

MR. MEJIA CHAVEZ:  Correct.

THE COURT:  Do you have any cash on hand, either at home, in a wallet, held by a friend or in a bank account?

MR. MEJIA CHAVEZ:  No, ma'am.

THE COURT:  And do you own any property like any trucks or cars?

MR. MEJIA CHAVEZ:  No.

THE COURT:  All right.  I find that you are financially unable to hire an attorney.  I will appoint counsel after court.

Your motion on bond?

MR. GOLDMAN:  Move to detain as a flight risk, Your Honor.  He has got no legal status in this country.  And an ICE detainer has been logged.

THE COURT:  So I will see -- we'll do the detention hearing tomorrow at 2:00.

Sir, do you have any questions?

MR. MEJIA CHAVEZ:  No.

THE COURT:  All right.  I'll see you tomorrow at 2:00 then.

All right, everyone.  Get him a sandwich.

MAN 2:  Yes, Your Honor.

THE COURT:  All right.  Thank you, Mr. Goldman.

MR. GOLDMAN:  Thank you, Your Honor.

(Hearing adjourned at 11:42 a.m.)

*     *     *     *     *

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Sonya M. Ledanski Hyde*

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  October 23, 2025