**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

UNITED STATES OF AMERICA          )          NO. 4:17-CR-651
                                  )
                                  )
VS.                               )          Houston, Texas
                                  )          10:29 a.m.
                                  )
FREDDY MONTES, ET AL              )          October 21, 2021

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TELEPHONIC STATUS CONFERENCE**

**BEFORE THE HONORABLE GRAY MILLER**

**UNITED STATES DISTRICT JUDGE**

**VOLUME 1 OF 1**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

APPEARANCES:

FOR THE GOVERNMENT:

        Mr. Adam Laurence Goldman
        Department of Justice
        United States Attorney's Office
        1000 Louisiana Street, 27th Floor
        Houston, TX 77208
        Tel:  713-567-9534
        Email: Adam.Goldman2@usdoj.gov

FOR THE DEFENDANT FREDDY MONTES:

        Ms. Winifred Akins Pastorini
        Attorney at Law
        440 Louisiana, Suite 200
        Houston, TX 77002
        Tel:  713-236-7300
        Email:  Windi@pastorinilaw.com

APPEARANCES:   (Continued)

FOR THE DEFENDANT MARIA ANGELICA MORENO-REYNA:

        Mr. Charles L. Duke
        Duke & Momberger
        9225 Katy Freeway, Suite 200
        Houston, TX 77024
        Tel:  713-975-6699
        Email:  Dukelaw1@sbcglobal.net

FOR THE DEFENDANTS WILLIAM ALBERTO LOPEZ AND BIANCA
STEPHANIE REYNA:

        Mr. Sean Buckley
        Law Offices of Sean Buckley PLLC
        175 Main Street, Suite A
        Biloxi, MS 39530
        Tel:  228-933-4411
        Email:  Sean@seanbuckleylaw.com

FOR THE DEFENDANT ERIK IVAN ALVAREZ-CHAVEZ:

        Mr. Adrian Almaguer
        Attorney at Law
        P.O. Box 262406
        Houston, TX 77207
        Tel:  281-591-7310
        Email:  Adrianalmaguer@prodigy.net


FOR THE DEFENDANT JOSE RUBEN PALOMO-MARTINEZ:

        Ms. Heather Hughes
        Assistant Federal Public Defender
        1701 W. Business Hwy. 83, Suite 405
        McAllen, TX 78501
        Tel:  956-630-2995
        Email:  Heather_hughes@fd.org

FOR THE DEFENDANT GABRIELA GONZALEZ-FLORES:

        Mr. Gerardo S. Montalvo
        The Montalvo Law Firm, PLLC
        Park Central Plaza
        1111 North Loop West, Suite 820
        Houston, TX 77008
        Tel:  713-526-5002
        Email:  Montalvolaw@sbcglobal.net

APPEARANCES:   (Continued)

FOR THE DEFENDANT WALTER LOPEZ:

    Mr. James Alston
    Law Office of James Alston
    1415 North Loop West, Suite 905
    Houston, Texas 77008
    Tel:  713-280-5615

FOR THE DEFENDANT EDDIE ALEJANDRO TORRES:

    Mr. Larry Eastepp
    Larry D. Eastepp PC
    800 Bering Dr., Suite 220
    Houston, TX 77057
    Tel:  713-255-3388
    Email:  Larry@eastepplaw.com

FOR THE DEFENDANT JOSE LUIS MORENO:

    Mr. Ali R. Fazel
    Fazel Law
    5373 W. Alabama Street, Suite 600
    Houston, TX 77056
    Tel:  713-526-6020
    Email:  Ali@fazellaw.com

FOR THE DEFENDANT VICTOR JAVIEL GONZALEZ:

    Mr. David Paul Cunningham
    Attorney at Law
    2814 Hamilton Street
    Houston, TX 77004
    Tel: 713-225-0325
    Email: Cunningham709@yahoo.com

FOR THE DEFENDANT HECTOR REYNA:

    Mr. Quentin Tate Williams
    Hilder & Associates, P.C.
    819 Lovett Blvd.
    Houston, TX 77006
    Tel:  713-655-9111
    Email: Tate@hilderlaw.com

COURT REPORTER:

    Ms. Kathleen K. Miller, CSR, RMR, CRR
515 Rusk, Room 8004
Houston, Texas  77002
Tel:  713-250-5087

Proceedings recorded by mechanical stenography.

Transcript produced by computer-assisted transcription.

P R O C E E D I N G S

THE COURT:  So this is a telephone status conference on Criminal Case 17-651, United States of America vs. Freddy Montes and others.

Who is on for the government, please?

MR. GOLDMAN:  Good morning, Your Honor.  Adam Goldman for the United States.

THE COURT:  Good morning, Mr. Goldman.

Is that Ms. Pastorini?

MS. PASTORINI:  Yes, sir.  I'm so sorry.  I was driving so it is kind of hard to do it without wrecking the car, but I got it done.  Thank you, Judge.

THE COURT:  All right.  All right.  Welcome.  Thank you.

All right.

MS. PASTORINI:  Thank you.

MR. GOLDMAN:  Mr. Goldman is on for the government.  Ms. Pastorini is on for Mr. Montes.

Let's see, for -- do we have Mr. Cunningham on the phone?

MR. CUNNINGHAM:  I am here, Your Honor, for Mr. Gonzalez.

THE COURT:  All right.  And Mr. Duke?

MR. DUKE:  For Ms. Moreno.

THE COURT:  All right.  And Mr. Buckley?

MR. BUCKLEY:  Good morning, Your Honor.  I am here for William Lopez.

THE COURT:  All right.  And you are also appearing on behalf of attorney Mr. Dupont, correct?

MR. BUCKLEY:  Yes, Your Honor, as to Defendant Bianca Reyna.

THE COURT:  Thank you.  Mr. Almaguer?

MR. BUCKLEY:  Thank you, Judge.

THE COURT:  Are you on the phone, Mr. Almaguer?  I think you you might be muted.

MR. ALMAGUER:  I'm sorry, Your Honor.  Yes, I am here for Erik Ivan Alvarez-Chavez.

THE COURT:  Thank you, Mr. Almaguer.

Mr. Gallagher?

MS. HUGHES:  This is Heather Hughes.  I'm here for Mr. Gallagher on behalf of Palomo-Martinez.

THE COURT:  Good morning, Ms. Hughes.  Thank you.

Mr. Montalvo?

MR. MONTALVO:  Yes, Your Honor.  Gerry Montalvo for Ms. Gabriela Gonzalez-Flores.

THE COURT:  Good morning.  Thank you.  Mr. Alston.

MR. ALSTON:  Yes, Your Honor, for Walter Lopez.

THE COURT:  All right.  Good morning to you.  Mr. Eastepp?

MR. EASTEPP:  I am present, Your Honor.  Good morning.

THE COURT:  Good morning.  Mr. Fazel?

MR. FAZEL:  Good morning, Your Honor.  Ali Fazel for Mr. Jose Luis Moreno.

THE COURT:  All right.  Good morning to you, sir.  And let's see, Mr. Tate Williams?

MR. WILLIAMS:  Good morning Judge.  I am present for Hector Reyna.

THE COURT:  All right.  Good morning to you.

All right.  So we have everybody on the phone, I believe.  I just have had a chance to look briefly at the status report that Mr. Goldman filed this morning.  I don't know if all of you have had a chance to look at it or not, but it does touch on some of the areas we are going to be discussing this morning.

So, Mr. Goldman, I am going to start with you, and let you summarize where we are from the government's perspective, please.

MR. GOLDMAN:   Yes, Your Honor.  I think when we left off, there were two primary issues.  One was the plea agreements, and the other was the discovery regarding pole cams.  So I talked to Mr. Fazel about this.  We have

from his office a 16-terabyte external drive.  As I am speaking to you, it is being copied internally, pole cams onto that drive, but due to problems that were represented earlier, I tried to watch those videos on them.

Once it is done I am going to then watch it myself to make sure it downloaded properly, because that was the problem last time, is my understanding.  If it is not, I have talked to the FBI, and we are going -- if it is not working, I am going to take that hard drive over there, and we are going to do it using their more advanced, for lack of a better term, equipment to make sure it gets done so they can see it.

Private counsel, I believe Mr. Buckley, is about to send me the same sort of drive, and basically we're going to make sure it works on the one Mr. Fazel gave me, and whichever way it works best I'll then put it onto the one for Mr. Buckley and I think that will resolve that issue.

I also identified two of the 302s this morning also that reference specific things in the pole cameras.  And if there are any others that have specific reference to the pole cameras, I will provide those as well, or reference which videos that have been provided.  I will reference the pole camera video as well.

What this does, I am going to then send it

to Mr. Fazel's office, instead of sending it up to the Bronx, where the discovery coordinator is, because we have had discussion and it sounds like it is going to be easier for Mr. Fazel's office to share that material than the discovery coordinator in the Bronx.  So that's it for that aspect of it.

Regarding the pleas, I don't want to violate Rule 11 by getting too much into the weeds of it, but there are seven individuals for whom I am right now either waiting for approval or finishing the drafting of for their plea agreements.  Two of them are -- I want to say they're -- I'm just waiting for the final yes from the supervisor in our office and those are going out.  I don't want to say to whom.  And then I have three more almost there after those are reviewed by my supervisor, and then a couple more after that.

So there is another one, little trickier that I am going to start drafting after these are done. And, again, without trying to get into Rule 11 too much, two individuals on this call have indicated that we are going to have a resolution, but it will not be through a plea agreement, and I don't want to say anything further about that.  And hopefully we can move on these pretty quick.

THE COURT:  Outstanding. All right.  Thank

you.

Who would like to speak on behalf of the defendants?  And everybody will get an opportunity to say anything they would like to say, but who wants to go first?

MR. FAZEL:  Judge, this is Ali Fazel.  If it please the Court, let me just kind of go over what Mr. Goldman has just described.  We did send and I believe --

THE COURT REPORTER:  I'm sorry.  This is Kathy Miller.  Hello.  You need to back up and start from the beginning, Mr. Fazel.  I couldn't understand anything you were saying.

MR. FAZEL:  I'm sorry.  What I was saying is that we have -- we have sent over, and they have received the drive.  We expect to have the drive back, like Mr. Goldman has described, sometime within the next couple of weeks we hope.  Once we get the drive back, then we file an ex parte motion under seal, for funding, to send it to a third-party provider to have them either put it on the cloud, or have them create multiple drives through multiple CJA attorneys so they have access to it.

One of the things that would, I think, help us all out and make things a lot cheaper for the CJA, is if the government was to tell us who is on this pole cams and who is not, so that the lawyers who definitely are

on the pole cam -- not the lawyers, but the lawyers with clients who are on the pole cam can then for sure get those drives done while the other ones, perhaps either would rather go through somebody's office and look at it, or perhaps just simply say, look, I don't need it.  This -- my guy or my gal is not on that -- on that -- on the -- on the pole cams.

I would -- I would suggest that we leave it to each individual lawyer to make that decision.  That's just a suggestion I am throwing out, just for general consumption.

So that's where we are with the discovery. I anticipate it taking a little bit longer once we have it, simply because of the mechanisms of the CJA, and what we need to do as far as sending out bids for the third-party providers, and then filing something with you, the Court, saying here is where we are, here is what the funding is requiring, and then, of course, sometimes coordinating that with the Fifth Circuit, if necessary.

THE COURT:  Okay.

MR. FAZEL:  That's what I have to report for that.

THE COURT:  All right.  Good.  Thank you.

Anybody else have anything to add with respect to the outstanding discovery of the pole cam video?

MR. GOLDMAN:    Briefly, Your Honor, this is Adam Goldman again.

THE COURT:  Yes, sir.

MR. GOLDMAN:    I have spoken to some of the attorneys individually to indicate, for lack of a better word, that their clients are not on the videos.

Mr. Fazel is not that lucky.  Some of the other attorneys are -- their clients are not on there, and I have indicated that to those attorneys.  And as we go through them, I will look for more information.  I just provided that brief spreadsheet last time that had some of that information, but I have begun that process of talking to individual attorneys about their clients when they're not -- when they're definitively not on a pole cam.

THE COURT:  All right.  Anything else?  Anything else that any other defense counsel need to raise at this point?

Well, sounds like -- sounds like you're on track.  How many remaining defendants do we have, Mr. Goldman?  Do we have about -- is it 12 that remain?

MR. GOLDMAN:    That is correct, Your Honor.  Again, I am not -- if every plea agreement works, it will be magically resolved, and we are all in a happy place, I guess.  With what I am drafting right now, we would have ten people with dispositions prior to trial but, again, I

can't get too much into that without violating Rule 11. But that would sort of I think -- as I stand right now, that would be the best case scenario.

THE COURT: Okay. Okay. All right. Just gives me an idea of where we're headed.

Is there anything else from any defense counsel? Do we need -- Mr. Fazel, do you think we need to set another status conference in this case?

MR. FAZEL: I was just thinking about that, Your Honor. I think that's not a bad idea. The only -- the only issue I -- frankly, I don't know when would be a good time to set one. Perhaps after the Thanksgiving holidays would be probably a realistic status conference so at least we can tell you where we are, and even get some things done.

It really depends on how long it takes the government to get us that drive. It's a lot of information for them to copy, and if it doesn't copy right, or they have to go to the FBI to get it copied correctly, that might linger a little bit. And then once we have it, it just depends on how many other drives we need copied, and how many lawyers want a copy of it. And then getting those bids in, and getting the motion filed with you, which I promise will be unlike -- unlike me while I am talking to you, a lot shorter and sweeter, to the point. I will try

to make it as short as I can, so that we can get that over to you signed, and depending on the amount of money, as the Court knows, it might have to go to the circuit for approval.

Those are the hiccups that I foresee.  So my suggestion would be somewhere towards the end of November, or maybe actually, frankly, early December might be a better option for a status conference, but that's my two cents.

THE COURT:  Okay.

MR. GOLDMAN:   Your Honor, this is Adam Goldman.

THE COURT:  Yes.

MR. GOLDMAN:   I was thinking perhaps I should file a status report once I get those drives sort of done, and I know that they can be seen by counsel.  I can inform the Court in a status report as to when that is done.

THE COURT:  Okay.  Why don't you do that.  File that status report when that is done.  And we will tentatively set another telephone status conference for Wednesday, December the 1st.

Let's see, what have I got that day, Ruth?

THE CASE MANAGER: You have two sentencings beginning at 10:00.

THE COURT:  All right.  Let's set it for 11:00

in the morning on Wednesday, December 1.  And Ruth will send out a notice on that.

All right.  If there is nothing further, then everybody have a great Thanksgiving and I'll speak to you on the first of December, if not sooner.

MR. GOLDMAN:   Thank you, Your Honor.

MR. ALMAGUER:  Thank you, Judge.

MR. FAZEL:  Thank you.

THE COURT:  Thank you for your time.

(Concluded at 10:18 a.m.)

COURT REPORTER'S CERTIFICATE.


I, Kathleen K. Miller, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


DATE:  October 24, 2025   /s/    _Kathleen K Miller

**Kathleen K. Miller, RPR, RMR, CRR**